# SUTTON ET AL. *v.* ENGLISH ET AL.

## APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF TEXAS.

No. 330.    Argued April 10, 1917.—Decided March 4, 1918.

In a suit in the District Court to set aside testamentary dispositions and adjudge the property to the plaintiffs and partition it among them as heirs, a defendant who, being also an heir, would share in the relief if obtained, should not be aligned as a plaintiff for the purpose of testing jurisdiction by diversity of citizenship, if such defendant be adversely interested as legatee.

. Under constitution and statutes of Texas, the county court has no equitable jurisdiction of a suit *inter partes* to annul a disposition in a will and partition the property among the plaintiffs as heirs where title to land is involved and the amount in controversy exceeds $1,000.

Under the constitution of Texas, the District Courts of the State have no jurisdiction to annul by an original proceeding the action of a county court in probating a will; and a suit under Stats. Art. 5699 to contest the validity of a will so probated must be brought in the county court and calls for an exercise of original probate jurisdiction.

A suit which, in an essential feature, is a suit to annul a will, and which under the state law is in character merely supplemental to proceedings for probate and cognizable only by the probate court, is not within the jurisdiction of the District Court of the United States though diversity of citizenship exist and the requisite jurisdictional amount be in controversy.

Affirmed.

THE case is stated in the opinion.

*Mr. Allen G. Fisher* for appellants.

*Mr. Cecil H. Smith,* with whom *Mr. W. R. Abernathy, Mr. George R. Smith* and *Mr. Charles Batsell* were on the briefs, for appellees.

Mr. Justice Pitney delivered the opinion of the court.

The United States District Court dismissed for want of jurisdiction a bill in equity brought by appellants, and certified in substance that the dismissal was based upon the ground that. the bill and its exhibits disclosed no infraction of any right arising under the Constitution or laws of the United States; that the matter was cognizable solely in the county court of Collin County, Texas, a court of probate jurisdiction; and that the record disclosed no diversity of citizenship upon which the federal jurisdiction might be based, because it appeared that one of the defendants who should be considered as a plaintiff and the remainder of the defendants were in fact citizens of the same State.

The case comes to us by direct appeal, upon the jurisdictional question only, under § 238, Jud. Code.

The bill sets up diversity of citizenship and the fact that the amount in controversy exceeds that which is requisite for jurisdiction. It asserts no federal right. It alleges that the plaintiffs (seven in number) are citizens of States other than Texas, while of those named as defendants six (including Cora D. Spencer) are citizens of Texas and residents of Collin County in the Sherman Division of the Eastern District of that State, and the seventh is a municipal corporation of that State.

The averments of the bill are in substance as follows: That about the year 1866 Moses Hubbard and Mary Jane Hubbard, his wife, settled on a parcel of real estate in Collin County, Texas, and from that time continuously until the dates of their respective deaths lived as citizens and inhabitants of that county, and during their joint lifetime cohabited together as husband and wife; that the said Moses died in 1906, leaving his wife surviving, but no descendant or other heir; that she died in 1914, without children or husband, but leaving her surviving

the following heirs-at-law: a sister, Rachael E. Kirtley, two brothers, Albert E. Sutton and Delana M. Sutton, and the children of a deceased brother, Lewis Sutton, namely, Cora D. Spencer, Elizabeth E. Davis, Ida Krickbaum, George D. Sutton, and Lewis Sutton, Jr.; and that afterwards the last named died intestate, unmarried, and without descendants, leaving his mother, Helen M. Marshall, and his sisters and brother, Cora D. Spencer, Elizabeth E. Davis, Ida Krickbaum, and George D. Sutton, as his heirs. The persons named are stated to be the only heirs-at-law of Mary Jane and Moses Hubbard. All of them are plaintiffs in the suit except Cora D. Spencer, who is made a defendant.

The bill alleges, further, that Moses and Mary Jane Hubbard accumulated community property, real and personal (specified in the bill), of the value of about $100,000 situate in Collin and Denton counties, all of which descended to the said Mary Jane as survivor of the community.

That in the year 1897 Moses Hubbard, being then "subject to a mania or unsound idea relative to the memory of his deceased daughter," attempted a disposal of his wife's community property by a purported will (executed by his wife also and in form a joint and several will), by the terms of which it was attempted to establish in the community property after it should become separate property of Mary Jane Hubbard a certain charitable trust in perpetuity, in the name of the deceased daughter. Plaintiffs allege that this trust was void, for various reasons specified, and that if the instrument had any effect in law it created a naked trust whereof the said Mary Jane Hubbard was sole beneficiary. That afterwards and in the month of January, 1913, the defendant English, joining with himself the defendants Finley, Robinson, and Foster, acting as trustees of the charity, filed a petition in the district court of Collin County against

Mary Jane Hubbard and another, wherein it was alleged that the will of 1897 was a joint will, constituting an agreement binding upon both Moses and Mary Jane Hubbard, under which she received rights, emoluments, and privileges which she would not have had otherwise, and that she had accepted the will, and at all times since its probating had accepted and exercised those rights, privileges, and emoluments, by reason whereof the will was irrevocable by her, and that a trust was thereby created in behalf of the said English, Finley, Robinson, and Foster; that said petition prayed for a citation thereon and judgment that a trust be declared in favor of the petitioners; but plaintiffs herein allege that no citation was issued, that Mary Jane Hubbard had no notice of the proceedings, and that she was deceived into signing a purported waiver and disclaimer which was without consideration and void; that the judgment was never given by any judge or person possessing judicial power within the State of Texas; and that the petition was in effect an application for the construction of the paper as the will of Moses Hubbard, of which the district court had not jurisdiction in the first instance, and for which construction there was then and yet pending in the county probate court of Collin County a petition signed by the said purported trustees whereupon the judgment of the said county court would be binding upon them without the assumption of power in the district court of said county.

That, in addition to the community property, Mary Jane Hubbard accumulated real and personal property amounting in value to about $18,000; and that in her last sickness, while she was clouded in her intellect and was not of sound or disposing mind or memory, she was unduly influenced by the defendant English to execute an instrument in the form of a will purporting to dispose of her accumulations and separate property, by the 12th paragraph of which she gave and bequeathed all the res-

idue of her property to her niece Cora D. Spencer; that this will "ought to be annulled and set aside and held for naught; nevertheless, these plaintiffs do not desire to interfere with the distribution made by the defendant, Clayton, purporting to act as executor of said will, but they bring this bill for the purpose of having it annulled to the extent only that the 12th paragraph . . . be decreed . . . not to be a testamentary disposition of that portion of her separate estate which had once been community estate of the said Moses Hubbard and Mary Jane Hubbard;" and that the community property should be decreed to pass to the plaintiffs pursuant to the statutes of Texas as estate not devised or bequeathed, and should be divided among the plaintiffs in certain proportions spr cified.

The bill avers that the defendant English has usurped and taken possession of seven tracts of real estate and certain moneys, notes, and credits particularly described, and has rented the lands and converted to his own use their annual profit.

The prayer is that the defendants English, Finley, Robinson, and Foster account concerning the rents, issues, profits and income of said real estate and personal property; that the joint will of 1897 and every claim, judgment, or right based thereon be set aside and held for naught; that the supposed will signed by Mary Jane Hubbard, dated in 1914, and the 12th clause thereof be canceled and set aside and annulled; and that the property described in the bill and the earnings and rentals thereof be decreed to be the property of the plaintiffs as heirs-at-law of Mary Jane Hubbard, deceased, and be partitioned between them. There is also a prayer for general relief.

The objects of the suit, in their logical order, appear to be as follows: (1) to treat the joint will of 1897 as inefficacious to dispose of the community property, either

because this became the separate property of Mary Jane Hubbard at her husband's death, or because of Moses Hubbard's mental incapacity or the illegality of the terms of the trust; (2) to set aside a judgment said to have been obtained in the Collin County district court by defendant English and others, devisees under the joint will, establishing their title to the community property as against Mary Jane Hubbard; (3) to have her will annulled at least to the extent that the 12th paragraph, which gives and bequeaths all the residue of her property to Cora D. Spencer, be decreed not to be a testamentary disposition of that portion of the estate of testatrix which had been community property; and (4) that the community property, having thus been shown to have been separate estate of Mary Jane Hubbard and not to have been devised by her, be decreed to have passed to the plaintiffs as her heirs-at-law and be partitioned between them.

Upon this statement, it will be apparent that the court below erred in holding, as it did, that the defendant Cora D. Spencer should be treated as one of the plaintiffs and aligned with them for the purpose of determining the question of diversity of citizenship. Provided plaintiffs attained their first three objects, her interest would be the same as theirs with respect to the prayer for partition; but before this result could be reached plaintiffs must prevail as to their third object, and with respect to this her interest was altogether adverse to theirs. Therefore she was properly made a party defendant, that being her attitude towards the actual and substantial controversy. See *Removal Cases*, 100 U. S. 457, 468; *Pacific R. R.* v. *Ketchum*, 101 U. S. 289, 298; *Barney* v. *Latham*, 103 U. S. 205, 211; *Harter* v. *Kernochan*, 103 U. S. 562, 566; *Helm* v. *Zarecor*, 222 U. S. 32, 36.

This brings us to the question whether the subject matter of the suit is within the jurisdiction of a court of the United States.

By a series of decisions in this court it has been established that since it does not pertain to the general jurisdiction of a court of equity to set aside a will or the probate thereof, or to administer upon the estates of decedents *in rem,* matters of this character are not within the ordinary equity jurisdiction of the federal courts; that as the authority to make wills is derived from the States, and the requirement of probate is but a regulation to make a will effective, matters of strict probate are not within the. jurisdiction of courts of the United States; that where a State, by statute or custom, gives to parties interested the right to bring an action or suit *inter partes,* either at law or in equity, to annul a will or to set aside the probate, the courts of the United States, where diversity of citizenship and a sufficient amount in controversy appear, can enforce the same remedy, but that this relates only to independent suits, and not to procedure merely incidental or ancillary to the probate; and further, that questions relating to the interests of heirs, devisees, or legatees, or trusts affecting such interests, which may be determined without interfering with probate or assuming general administration, are within the jurisdiction of the federal courts where diversity of citizenship exists and the requisite amount is in controversy. *Broderick's Will,* 21 Wall. 503, 509, 512; *Ellis* v. *Davis,* 109 U. S. 485, 494, *et seq.; Farrell* v. *O'Brien,* 199 U. S. 89, 110; *Waterman* v. *Canal-Louisiana Bank Co.,* 215 U. S. 33, 43.

It is the contention of appellants that the United States District Court had original jurisdiction of this cause (there being diversity of citizenship and a sufficient · amount in controversy) because jurisdiction over a suit in equity of the same character would have existed in the county or district courts of the State.

In order to test this, we must consider the nature and extent of the jurisdiction of the courts referred to, as established by the constitution of Texas and statutes

passed in pursuance thereof (Vernon's Sayles' Tex. Civ. Stats. 1914), the material provisions of which are as follows: Under Const., Art. V, § 16, and Stats. Arts. 3206, 1763, 1764, 1766 and 1771, the county court has the general jurisdiction of a probate court, with power to probate wills, grant letters testamentary or of administration, settle accounts of executors and administrators, etc.; exclusive original jurisdiction in civil cases when the matter in controversy exceeds $200 and does not exceed $500, and concurrent jurisdiction with the district court when the matter in controversy exceeds $500 and does not exceed $1,000, but no jurisdiction of suits for the recovery of land or for the enforcement of liens upon land; and general authority to hear and determine any case, either of law or equity, but subject to certain limitations including those just mentioned. Under Const. Art. V, § 8, and Stats. Arts. 1705, 1706, 1712, and 3207, the district court has "appellate jurisdiction and general control in probate matters over the county court established in each county for the probating of wills, granting letters testamentary or of administration, settling the accounts of executors and administrators," etc.; also "original jurisdiction and general control over executors and administrators under such regulations as may be prescribed by law"; original jurisdiction of all suits for the trial of title to land and for the enforcement of liens thereon, and of all suits, without regard to any distinction between law and equity, when the matter in controversy exceeds $500; and, subject to limitations not now pertinent, general jurisdiction over any cause cognizable by courts either of law or equity.

It will be seen that the contention must be overruled at once, so far as concerns the equitable jurisdiction of the county court, because in the case before us the title to land is involved and the matter in controversy exceeds $1,000. The juri. iction of the district court is not thus

limited, and, under local decisions (*Japhet* v. *Pullen*, 63· Tex. Civ. App. 157, and cases cited), it may be assumed that an independent suit in equity could be entertained by that court, and therefore—under the decisions of this court to which reference has been made—might be brought in the United States District Court, for the purpose of construing the joint will of Moses and Mary Jane Hubbard as inefficacious to dispose of the community property, and to set aside, for fraud or on other grounds, the judgment recovered by the defendants English and others against Mary Jane Hubbard establishing their title to that property; and that, if the title of complainants as heirs-at-law of Mary Jane Hubbard could thus be shown, the jurisdiction to partition the property would follow as of course. But, as already pointed out, even could complainants succeed in showing that Mary Jane Hubbard at the time of her death was entitled to the community property, her will giving all the residue of her property to Cora D. Spencer still stands in the way of their succeeding to it as heirs-at-law, and hence their prayer to have that will annulled with respect to the residuary clause is essential to their right to any relief in the suit.

But it is established by repeated decisions of the Supreme Court of Texas that under the present constitution the district courts have no jurisdiction to annul by an original proceeding the action of a county court in probating a will, their jurisdiction in the premises being confined to a review by appeal or certiorari, which are in effect but a continuation of the probate proceedings. It is further held that under a statutory provision (Art. 5699) reading: "Any person interested in any will which shall have been probated under the laws of this state may institute suit in the proper court to contest the validity thereof within four years after such will shall have been admitted to probate, and not afterwards," such a suit

must be instituted in the court in which the will was admitted to probate, that is to say, in the county court; and that it calls for an exercise of original probate jurisdiction. *Franks* v. *Chapman*, 60 Texas, 46; *Franks* v. *Chapman*, 61 Texas, 576, 579, 582, 583; *Heath* v. *Layne*, 62 Texas, 686; *Fisher* v. *Wood*, 65 Texas, 199, 204. And see *Dew* v. *Dew*, 23 Tex. Civ. App. 676; *Hilgers* v. *Hilgers*, 159 S. W. Rep. 851.

The present suit being, in an essential feature, a suit to annul the will of Mary Jane Hubbard, and a proceeding of this character being by the laws of Texas merely supplemental to the proceedings for probate of the will and cognizable only by the probate court, it follows from what we have said that the controversy is not within the jurisdiction of the courts of the United States.

*Decree affirmed.*