## ATWOOD et al. v. RHODE ISLAND HOSPITAL TRUST CO. et al.

District Court, D. Rhode Island.   January 29, 1929.

No. 96.

Lyman K. Clark, of Boston, Mass., William E. Carnochan and Theodore C. Richards, both of New York City, and William R. Harvey and Sheffield & Harvey, all of Newport, R. I., for complainants.

Eliot G. Parkhurst, Elmer E. Tufts, Jr., John S. Dole, and Edwards & Angell, all of Providence, R. I., for certain defendants.

Wm. R. Tillenghast, James C. Collins, Harold B. Tanner, and Tillenghast & Collins, all of Providence, R. I., for Rhode Island Hospital Trust Co.

LETTS, District Judge.   There is before the court a supplemental bill of complaint, brought, as is alleged, to protect and effec-tuate a former decree of this court and to restrain the respondents from continuing certain proceedings alleged to be in derogation of the complainants' rights under that decree, to the residuary estate of Theodore M. Davis, deceased.

The relevant facts and events may be summarized as follows:

On April 5, 1915, there were admitted to probate in the probate court for the city of Newport, state of Rhode Island, two instruments as together constituting the will of Theodore M. Davis, deceased.   The first of these referred to as the will bears date of August 14, 1911; the second instrument referred to as a codicil to the will bears date of October 4, 1911.

A portion of the ninth paragraph of the will provided as follows:

"And I devise to the said Rhode Island Hospital Trust Company after the deaths of my said wife and the said Emma B. Andrews the estate in said Newport hereinbefore given to them for their lives, but in trust nevertheless for said Trust Company to convert said estates into cash as soon as reasonably possible after it becomes entitled to the possession of said estates, hereby empowering said Trust Company in the discretion of its officers or committee having charge of trust estates and with the approval in writing of the said Thomas L. Manson and Herbert Parsons or the survivor of them so long as both or either of them is living, to sell said estates from time to time at either private or public sale, and to add the net proceeds of any such sale or sales to the principal of the trust estate and property then held by it under the trusts theretofore created by me, and to divide and distribute said net proceeds to the same persons and in the same proportions as they are entitled to the principal of my said trust estate under the terms of said trusts."

On July 10, 1918, a bill in equity was filed in the United States District Court for the District of Rhode Island by Kate Atwood, individually and as administratrix of the estate of Gertrude Galloway, and by Theodore Davis Boal, as executor of the Estate of Annie B. Davis, against the Rhode Island Hospital Trust company, both as administrator d. b. n. c. t. a. of the aforementioned will of said Davis and also in its capacity as trustee under another certain instrument referred to as a deed of trust.

After various pleadings, an amended bill was filed January 28, 1919.   The bill alleged that the ninth paragraph of the will of Theodore M. Davis was inoperative, being an attempt on the part of the testator to dispose of his residuary estate without the formali-

ties required by the statute of wills of the state of Rhode Island; that the trust sought to be created under said ninth paragraph therefore failed; and that the Rhode Island Hospital Trust Company, as administrator d. b. n. c. t. a., held the residue of the personal property of the decedent on a resulting trust to distribute the same to the persons entitled thereto under the statutes of distribution of the state of Rhode Island.

The bill prayed that the rights of the complainants be determined subject to an accounting in the probate court of the city of Newport, and that a resulting trust in the residuary estate be declared in favor of the complainants, according to their respective interests as in case of intestacy. Answers were filed, and the case went to hearing.

The intervening travel of the cause is not essential to the present consideration until the entry of a final decree therein pursuant to a mandate from the Circuit Court of Appeals, First Circuit. It is this decree which the complainants now contend in the supplemental bill before the court fixed and determined their rights. Without setting forth the decree in its entirety, the following are the important provisions relating to the present controversy:

The second paragraph of the decree recited that the said defendant administrator (Rhode Island Hospital Trust Company) "* * * Now holds the residue of personal property on a resulting trust to distribute the same to the widow and next-of-kin and their successors in title conformably to the laws of the State of Rhode Island governing the distribution of intestate property, and the residuary real estate of said deceased descends as intestate property."

The third paragraph of the decree provided that:

"* * * The Rhode Island Hospital Trust Company, administrator d. b. n. c. t. a. now holds the residue of the personal property of said deceased on a resulting trust to distribute the same as intestate property conformably to said laws of the State of Rhode Island governing the same as follows: One-fourth to the plaintiff Kate Atwood individually. One-fourth to the plaintiff Kate Atwood as administratrix of the estate of said Gertrude Galloway, deceased, intestate. One-half to the plaintiff Theodore D. Boal as executor of the will of said Annie B. Davis."

The fourth paragraph of the decree provided that: "The distribution to the plaintiffs * * * is subject to an accounting to the plaintiffs to be taken and had in respect of the acts, doings and proceedings, in regard to the said residuary estate of the defendant, the Rhode Island Hospital Trust Company, as administrator as aforesaid * * * but without prejudice to and in observance of the rights hereby established."

The opinion of the Circuit Court of Appeals, under date of October 14, 1921, is reported under the title of this cause in 275 F. 513. The decree entered by this court on April 28, 1922, in harmony with the opinion and mandate of the Circuit Court of Appeals stands unreversed, and to the present time no bill of review has been filed.

On February 20, 1922, after the decision of the Circuit Court of Appeals, but before the entry of the decree in question, Annetta S. Merrill filed a petition in the probate court of the city of Newport praying that the trust deed executed by Theodore M. Davis on the same date as the original will, namely, August 14, 1911, be admitted to probate as a part of the will.

The intervening travel of this petition is not important until its review upon appeal by the Supreme Court of the state of Rhode Island in the case of Merrill v. Boal et al., 47 R. I. 276, 132 A. 721, 45 A. L. R. 830. In its opinion the court, speaking through Rathbun, J., in part said:

"It must be admitted that said instrument was intended to, and did, create a valid inter vivos trust operating in præsenti and that the instrument does not refer to the residuary estate mentioned in the will. The will, however, does refer to the trust instrument, indirectly we admit, but with sufficient clearness so that there is, and can be, no question as to the identity of the instrument which the testator had in mind, and the will directs that the residue of the property mentioned in the will be reduced to cash and paid to the Trust Company to be finally distributed in accordance with the terms of the residuary clause of the trust instrument. As we have said, the will and the trust instrument were prepared at the same time by the same person and there can be no doubt whatever that Mr. Davis intended that the two instruments should, after his death, operate together to dispose of property left by him at his decease. The two instruments having to all intents and purposes been executed at the same time and each with the required formalities and with the intention that the two should operate together to dispose of property left by the testator at his death, what more is required? * * *

"After examining the two instruments and the facts surrounding their execution the conclusion is unavoidable that the trust instrument, although executed to operate in præsenti as to property transferred to the trus-

tee, was executed animo testandi as to the residue mentioned in the will. * * *

"By the terms of the trust instrument Mr. Davis reserved to himself the right to revoke or modify the trust at any time during his life, or to annul, change or modify 'any of the dispositions of income or of principal of my said trust estate.' The appellees contend that by reserving the right to change the disposition of income and principal of the trust estate Mr. Davis reserved the right to change without compliance with the Statute of Wills the persons who are to take and the shares which they are to take of the residuary property referred to in the will. We seriously doubt that he had any such intention. It is more probable that he, in making the reservation, was thinking only of the trust estate and the disposition thereof. But having the intention that the two instruments, unless modified, should regulate after his death the disposition of the property left by him at his decease, is it of any importance what his ideas were as to an effective method of modifying either of these instruments so as to change the disposition of the residuary property? Wills are ambulatory, that is, subject to revocation or change at the pleasure of the testator and many persons have made wills apparently with the belief that a provision could be stricken out or a new one inserted without complying with the statutory formalities; at least many such attempts to modify wills have been made, but such attempts do not revoke or invalidate the will, and according to the better rule, are entirely ineffectual, provided the original language remains legible. 40 Cyc. 1097, 1196. If a person in making his will attempts by specific terms to reserve the right to change the will without complying with the statutory requirements, such attempted reservation is, of course, ineffectual as a reservation but the will would not, by reason thereof, be invalid."

The following order was entered:

"Cause remitted to the Superior Court with directions to enter a decree reversing the decree appealed from and admitting to probate as a part of the will of Theodore M. Davis the instrument in question, and with directions for further proceedings."

The superior court for the county of Newport, in compliance with the order of the Supreme Court for the state, entered a decree on May 24, 1926, which provided in part as follows:

"* * * Said instrument is hereby admitted to probate as a part of the will of Theodore M. Davis and as comprising, with the will and codicil heretofore admitted to probate, the will of Theodore M. Davis; and said will and codicil heretofore admitted to probate and the instrument which is the subject matter of these proceedings are decreed to be the last will and testament of Theodore M. Davis."

It will be kept in mind that the trust instrument, by virtue of the last-mentioned decree of the state court exercising its probate jurisdiction, was the same instrument which had been taken into consideration by the Circuit Court of Appeals as extrinsic to and no part of the will of the decedent. In its opinion the Circuit Court of Appeals, 275 F. 513, at page 523, referred to this instrument as follows:

"But we agree with counsel for the plaintiff that none of them [referring to authorities cited] sustains the proposition that a testator may make a valid testamentary provision incorporating an *extrinsic trust* created by him and subject to change as his testamentary desires may change, so that every alteration, oral or written, of the trust instrument is really a change in the disposition of his testamentary estate."

This court is not entirely satisfied that the opinion and resulting mandate and the decree entered in this court would have been different had the trust instrument been previously probated. The fact remains, however, that, at that time, the trust instrument had not been probated and was not a part of the will of Theodore M. Davis as then accepted.

This complete will of the decedent was for the first time construed by the Supreme Court of the state of Rhode Island in Merrill v. Boal et al., supra, and the construction then placed upon the complete assembled will was reaffirmed in the case of Annetta S. Merrill et al. v. Kate Atwood et al., 48 R. I. 72, 135 A. 402: The result of this construction as stated by the court was: "That the trust instrument together with the main will made a valid testamentary disposition of the property mentioned in the Ninth clause of the main will."

Following these proceedings in the state court it appears that the Rhode Island Hospital Trust Company, as administrator d. b. n. c. t. a., has and is proceeding with its accounting and settlement of the estate in accordance with the construction of the decedent's will as made by the Supreme Court of the state, that is, upon the assumption that the Rhode Island Hospital Trust Company, as trustee, is the residuary legatee under the will, that the ninth paragraph thereof is operative, and that there is no intestacy.

The complainants in their supplemental bill of complaint now before this court maintain that the decree of April 28, 1922, entered in this court, definitely fixed and vested in them rights in and to the residue of decedent's estate; that the subsequent proceedings in the state courts of the state of Rhode Island and the accounting proceedings now in progress are in derogation of these rights, and ask to have the respondents enjoined from prosecuting any suits or claims in any courts "in hostility" to said decree of April 28, 1922, and that the Rhode Island Hospital Trust Company be restrained from disposing of, dealing with, or accounting for said residuary estate otherwise than in accordance with said decree.

The complainants, in asking that the proceedings in the state courts be enjoined, base their contention upon the proposition that the decree of April 28, 1922, vested in them the ownership to the residuary estate of decedent, Davis. They rely upon the alleged nature of the action, together with the express declaration of the decree that the administrator holds the residue on a resulting trust to distribute the same as intestate property to the parties and in the respective shares stated.

An analysis of the supplemental bill reflects substantially the following reasoning:

That in a proceeding in rem or quasi in rem a decree operates upon the title to the res involved.

That the original proceeding in this cause was an action in rem or quasi in rem involving the residue of decedent's estate, subject only to the accounting therefor in the probate court of Newport.

That the decree which was entered, in view of its express language and the nature of the action, therefore vested title in the complainants, which cannot be disturbed by any collateral or other proceeding outside of this cause.

It becomes necessary, therefore, to consider the nature of the action which terminated in the entry of the decree in question. Was it an action in rem? Did the decree impress any lien upon, or deal with the ownership of any part of, the Davis estate?

At the time the original Atwood case was filed in this court, the probate court of Newport had taken jurisdiction and custody of the Davis estate.

Underneath the doctrine advanced by the complainants, there lies the assumption that the federal court, on the equity side, may exercise the full jurisdiction of chancery.

Broadly stated, that proposition is in main true. Payne v. Hook, 7 Wall. 425, 19 L. Ed. 260.

It is also true that chancery had jurisdiction of an action brought by a proper party in interest to compel an executor to account and administer assets; in other words, to exercise a jurisdiction over the assets comprising the estate. 1 Story, Eq. Jur. §§ 530 to 543. Such an action might well fall within the classification of a proceeding quasi in rem.

In practice, however, cases which come into the federal courts, because of involving controversies between citizens of different states and which concern rights to estates of decedents, fall into a special class. There being no probate jurisdiction in the federal courts, the custody of the estates of decedents during administration is exclusively in the state tribunals vested by state law with that jurisdiction. The chancery jurisdiction is limited by the rule of comity that a federal court will not interfere with property in the lawful custody of a state court, will not issue execution on a decedent's property, Yonley v. Lavender, 21 Wall. 276, 22 L. Ed. 536, nor interfere by a decree looking to the mere administration of the estate, Sutton v. English, 246 U. S. 199, at page 205, 38 S. Ct. 254, 62 L. Ed. 664; Byers v. McAuley, 149 U. S. 608, 13 S. Ct. 906, 37 L. Ed. 867.

In the latter case the court said:

"An administrator appointed by a state court is an officer of that court; his possession of the decedent's property is a possession taken in obedience to the orders of that court; it is the possession of the court, and it is a possession which cannot be disturbed by any other court."

" * * * Possession of the res draws to the court having possession all controversies concerning the res."

In the case of Waterman v. Canal-Louisiana Bank & Trust Co., 215 U. S. 33, 30 S. Ct. 10, 54 L. Ed. 80, the United States Supreme Court summarized and reviewed the limitations upon the jurisdiction of the federal courts pertaining to the probate of wills, the administration of estates, and the determination of controversies respecting interests in estates of decedents.

The effect of these decisions indicates clearly that the Circuit Court of Appeals for the First Circuit, in dealing with the issues presented in the original Atwood case, did not assume to exercise a jurisdiction over the title or ownership of any of the res comprising the Davis estate. The limitations upon

the jurisdiction of that court, as already reviewed, of necessity compel the conclusion that the cause before it was not a proceeding in rem or a proceeding quasi in rem. This court prefers to regard that proceeding as one for an interpretative or declaratory decree as to the effect and sufficiency of the will and codicil then before the court, particularly paragraph 9, as a testamentary disposition. The resulting decree might thereafter become the basis of a proceeding in personam, but probably in no event the basis of a proceeding in rem or quasi in rem.

The decree of April 28, 1922, did not deal with or determine title or ownership in or to any part of the Davis estate. That decree in effect declared that the will as then established did not dispose of the residue of the estate, and that the next of kin were therefore entitled thereto. This decree was binding upon the administrator so long as the distribution of the estate was dependent upon the sufficiency of the will then proved. Its distribution is no longer dependent upon the testamentary sufficiency of the will and codicil. It is now dependent upon the sufficiency of the will, codicil, and trust deed constituting together, as component parts, the will of the decedent.

The Rhode Island courts possessed authority to admit the trust deed to probate. After that action was taken, there may have been a concurrent jurisdiction to construe the completed will in its entirety; a concurrent jurisdiction within the limitations imposed, by the rule of comity and by the absence of probate jurisdiction, upon the federal courts. The state courts first exercised that jurisdiction, and did construe the sufficiency of the entire will. The state Supreme Court said: "That the trust instrument together with the main will made a valid testamentary disposition of the property mentioned in the Ninth clause of the main will." That construction is binding upon this court. No longer are the administrator and the state courts proceeding under the will and codicil previously construed by the Circuit Court of Appeals, First Circuit. The decree of April 28, 1922, simply becomes inoperative and inapplicable.

In the case of Boal v. Metropolitan Museum of Arts, 19 F.(2d) 454, the Circuit Court of Appeals, Second Circuit, was confronted with substantially the same problem and with the same facts as are here involved. The court in part said:

"While the federal courts may have jurisdiction to entertain suits by legatees for their legacies, or devisees to obtain their lands, or to interpret testamentary provisions, it is only upon the foundation of a proved will. Indeed, if Mr. Davis wished, he had the right to change his will, or any of its terms, even without reserving such right. * * *

"Because of the probate of the trust deed, and what has been said by the highest court of the state as to the validity of its clauses, the case is different than it was when here before (298 F. 894), and also from the case presented before the First Circuit in [Atwood v. Rhode Island Hospital Trust Co. (C. C. A.)] 275 F. 513. We are not now at liberty to hold that the trust deed was invalid as a testamentary disposition. It is much like a situation where a new will has been found and admitted to probate. Our duty now is to consider the case from every aspect, with all the instruments before us—the original paper (called the will), the codicil, and the trust deed. The exclusive authority to enact the state law—statute of wills—and its final authority to say what it means and requires is a matter for the state courts. * * *

" * * * The validity of the whole will —the several instruments—must be deemed to have been first passed upon by the Rhode Island Courts."

This court is compelled, therefore, to the conclusion that with the proceedings now in progress in the state courts, and with the orderly administration of decedent's estate, there is no legal right or reason to interfere.

Certain procedural and jurisdictional questions have been raised by the motions interposed by the respondents and by those whom the complainants seek to make respondents. These motions, for practical reasons, were all denied to the end that the full position of the complainants, both as to substantive legal questions and as to parties, might upon appeal be available for the consideration of the Appellate Court. It seemed to this court that such disposition of these motions would best facilitate a final and conclusive disposition of the cause in hand.

The supplemental bill is dismissed, and appropriate draft decree may be presented.