## KITTREDGE v. STEVENS et al.

### No. 3741.

Circuit Court of Appeals, First Circuit.

March 10, 1942.

264

Scott F. Kittredge, pro se, of Portland, Me. (Francis N. Balch, of Boston, Mass., on the brief), for appellant.

Frank H. Stevens, pro se, of Boston, Mass., appellee.

Philip R. White, of Boston, Mass. (Edwin A. Howes and Hutchins & Wheeler, all of Boston, Mass., on the brief), for American Surety Co. of N. Y., appellee.

Albert B. Carey, of Boston, Mass. (Samuel H. Batchelder and Peabody, Arnold, Batchelder & Luther, all of Boston, Mass., on the brief), for Fidelity & Deposit Co. of Maryland, appellee.

Hubert C. Thompson, of Boston, Mass. (Thompson & Twomey, of Boston, Mass., on the brief), for Louis L. Green and Globe Indemnity Co., appellee.

Ralph H. Willard and Asa S. Allen, both of Boston, Mass., on brief for Aetna Casualty & Surety Co., appellee.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

MAHONEY, Circuit Judge.

This is an appeal from a judgment of the district court granting the defendants' motion to dismiss the action on the ground that the court lacked jurisdiction over the subject matter.

The original plaintiff [1] filed a "Complaint for Accounting" in the district court alleging that the plaintiff is the heir-at-law and successor-in-interest of Sarah C. Shapley, widow of George H. Shapley. The complaint asserts that the defendant Stevens as administrator of the estate of George H. Shapley; the defendant MacKusick as trustee of the estate of George H. Shapley for the benefit of Shapley's widow; and the defendant Green as temporary guardian of Sarah C. Shapley, as special administrator of the estate of Sarah C. Shapley, as administrator of the estate of Abram Bromade, and as administrator of the estate of Sarah C. Shapley, refused to turn over to Sarah C. Shapley and the plaintiff property belonging to them. The seventh allegation says:

"7. The defendants Stevens, MacKusick and Green are sued in their individual capacities; the defendant corporations are sued as sureties on the bonds of the respective individual defendants."

The complaint closes with the following prayers:

"Wherefore, the premises considered the plaintiff prays:

"1. That this court order a full discovery from each and every one of the individual defendants herein as to the assets each received in his representative capacity, what he did therewith, and how he distributed the same, to the end that each may discover to the plaintiff fully the character and the extent of the administration of this trust;

"2. That this court order a full account to be rendered to plaintiff as successor in interest to the said Sarah C. Shapley, by the defendants Stevens, MacKusick and Green, of all real and personal property received by them in their respective capacities;

---

[1] Scott F. Kittredge, administrator of the estate of the original plaintiff has been substituted as plaintiff. Hereinafter the original plaintiff will be referred to as the plaintiff.

"3. That this court shall find the amount or amounts due plaintiff from the said defendants and order the said defendants to pay over the said amount or amounts to plaintiff;

"4. That in default of payment by defendants Stevens, MacKusick and Green, the said defendants be held liable upon their respective bonds and the defendant surety companies be required to pay over to plaintiff the amount or amounts found due to plaintiff;

"5. For such other and further relief as the nature of the case requires and as is in conformity with law."

The various defendants made the following motion:

"The defendant moves the court as follows:

"1. To dismiss the action because the complaint fails to state a claim against defendant upon which relief can be granted.

"2. To dismiss the action on the ground that the court lacks jurisdiction over the subject matter."

The court entered the following order:

"* * * it is hereby ordered that the action be, and it hereby is, dismissed for lack of jurisdiction over the subject matter."

To determine whether there is jurisdiction in the instant case, it is necessary to ascertain just what is the nature of the complaint. This is extremely difficult because it has been drawn in a very loose fashion. We feel, however, that it may be construed fairly as requesting the court (1) to hold the defendants personally liable to the plaintiff because they withheld property rightfully belonging to the plaintiff and to her predecessor; (2) to order the defendants to turn over to the plaintiff property which they received in their fiduciary capacities and to which plaintiff is now entitled; and (3) to order an accounting with respect to both aspects of the relief requested.

The federal courts have dealt often with the question of jurisdiction in suits against executors, administrators, guardians and trustees, and there is no denying that not infrequently the results seem inconsistent and the language confusing. See Note (1940) 43 Harv.L.Rev. 462. It might be argued that the effect of recent Supreme Court cases indicates that a federal court has jurisdiction over an action against a fiduciary so long as the court is not requested to give a decree in rem immediately affecting property subject to the jurisdiction of a state probate court. Waterman v. Canal-Louisiana Bank, 1909, 215 U.S. 33, 30 S.Ct. 10, 54 L.Ed. 80; Sutton v. English, 1918, 246 U.S. 199, 38 S.Ct. 254, 62 L.Ed. 664; Commonwealth Trust Co. v. Bradford, 1936, 297 U.S. 613, 56 S.Ct. 600, 80 L.Ed. 920; Princess Lida v. Thompson, 1938, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285.

In Waterman v. Canal-Louisiana Bank an heir sued the executor in a federal court praying that she be held entitled to a lapsed legacy, a proportionate share of the residue resulting from the lapse, and for an accounting. The court held that there was no federal jurisdiction to order a general accounting because this was exclusively a probate matter. It also held that there was federal jurisdiction to determine the right of the heir to the lapsed legacy and a proportionate share of the residue. The court said that this exercise of jurisdiction was proper because any judgment given would merely be a judgment in personam against the executor and would not affect any res in the jurisdiction of the state court. It also said that federal courts were free to determine that the heir was entitled to a proportionate amount of the residue but that there was no jurisdiction to determine in figures the exact amount of the residue to which the plaintiff was entitled because this would involve an accounting which would have to be done by the probate court.

Commonwealth Trust Co. v. Bradford seems to go further than the Waterman case. There the cestui que trust brought suit in a federal court against a trustee asking that it be held entitled to a share in the trust estate. It was objected that there was no federal jurisdiction because the case necessarily involved an accounting and also interference with a res under the control of a state court. The Supreme Court held that the federal courts had jurisdiction to determine the right of the cestui que trust to share in the trust estate and also to determine in figures the precise share to which the cestui would be entitled. The court pointed out that the judgment was one in personam and did not affect a res in the control of the trustee or state court. This case would appear to be authority for the position taken here by the plaintiff. The court said at page 617 of

297 U.S., at page 601 of 56 S.Ct., 80 L.Ed. 920:

"Petitioners * * * maintain the cause stated by the bill was not one cognizable in equity, since the subject matter was a fund held by a trustee under appointment of the state court against which no adjudication was possible in the absence of an accounting—the necessity of this was inherent in the cause as presented. Also, that to enforce the remedy sought would necessarily interfere with possession and control of the res in the custody of the Orphans' Court. * . * *

"The original bill revealed that the receiver had been denied participation as a cestui que trust in the assets held by petitioner trust company, and asked an adjudication of his rights therein. He did not seek direct interference with possession or control of the assets; he prayed that his right to partake thereof be determined. The claim was an equitable one, within the ordinary jurisdiction of the chancellor. 'In all cases in which an action of account would be the proper remedy at law, and in all cases where a trustee is a party, the jurisdiction of a court of equity is undoubted. It is the appropriate tribunal'. * * *

"The trust here involved was created by the Bank's voluntary action, not by the orphans' court. Whatever control the latter possessed resulted solely from appointment of the successor trustee and, for present purposes did not materially differ from that exercised by probate courts over such fiduciaries as guardians, administrators, executors, etc. The jurisdiction of federal courts to entertain suits against the latter is clear, when instituted in order to determine the validity of claims against the estate or claimants' interests therein. Such proceedings are not in rem; they seek only to establish rights; judgments therein do not deal with the property and order distribution * * *."

■ It is obvious that insofar as the complaint requests the district court to order the defendants to turn over to the plaintiff property which they received in their capacity as fiduciaries, and for which they are accountable to the probate court, the federal district court had no jurisdiction. The plaintiff contends, however, that insofar as the complaint requests the district court to impose personal liability on the defendants, it is an action in personam because there is no attempt to affect a res

subject to the jurisdiction of the state probate court, and consequently the federal courts have jurisdiction over this portion of the complaint.

The defendants argue that a determination of this issue necessitates an accounting which is strictly a probate matter and takes the case beyond the federal jurisdiction. To this the plaintiff replies that the exact meaning of the term accounting is not clear. On the one hand, it may mean merely a fairly involved mathematical process describing property transactions. On the other hand, it may also be taken to include an order of disposition of specific property. In the former sense it may be described as an accounting which does not affect a res and in the latter sense it may be described as an accounting which does affect a res. The plaintiff says the first kind of accounting is permissible in a federal court. Commonwealth Trust Co. v. Bradford, supra. It cannot be denied that there is language in the Commonwealth Trust Company case which would seem to indicate that a federal court has jurisdiction to make an accounting which does not affect a res. However, it would seem to be equally clear that the Waterman case holds that a federal court has no jurisdiction to make an accounting involving a decedent's estate even when it would not affect a res. In that. case the court would not permit an accounting for the purpose of determining in figures the exact amount of the residue of the estate to which the plaintiff was entitled, leaving this to be done by the state probate court. Such an accounting, if made, would not have been an accounting immediately affecting a res. In the Bradford case, the court said that there was jurisdiction to entertain the suit even though it did involve an accounting not affecting a res.

While the precise holding in Princess Lida v. Thompson, 1938, 305 U.S. 456, 59 S.Ct 275, 83 L.Ed. 285, is not clear in that the court intimates that it involved a suit in rem or quasi in rem, still the language of that case would seem to be decisive of the issue present here. In that case a state . court had already acquired jurisdiction with respect to the administration of the trust fund involved. There was then filed in the federal district court by two of the five cestuis que trustent a bill in which "sundry investments made by the trustees were attacked and they were charged with mismanagement of the estate.

The prayers were that they be cited to file an account of the trust; that they be removed; that all trustees under the agreement be required to give bond for the faithful performance of their duties; and for general relief. By the amended bill additional trust investments were attacked. New prayers were substituted asking that the defendants be required to answer, to restore to the trust funds the moneys lost by their illegal and negligent conduct; that they be removed; that all trustees be required to give bond; and for general relief."

The court said at page 465 of 305 U.S., at page 280 of 59 S.Ct., 83 L.Ed. 285:

"Certain it is, therefore, that if both courts were to proceed they would be required to cover the same ground. This of itself is not conclusive of the question of the District Court's jurisdiction, for it is settled that where the judgment sought is strictly in personam, both the state court and the federal court, having concurrent jurisdiction, may proceed with the litigation at least until judgment is obtained in one of them which may be set up as res judicata in the other."

The court further pointed out:

"While it [the rule that a federal court will not interfere with a res in the custody of the state court, and vice versa] has no application to a case in a federal court based upon diversity of citizenship, wherein the plaintiff seeks merely an adjudication of his right or his interest as a basis of a claim against a fund in the possession of a state court, this is not such a case. No question is presented in the federal court as to the right of any person to participate in the res or as to the quantum of his interest in it. The contentions are solely as to administration and restoration of corpus."

Although there is some language in the cases supporting the argument made by the plaintiff, we do not think that it can be said that a federal court necessarily has jurisdiction over an action against a fiduciary so long as the court is not requested to give a decree in rem immediately affecting property subject to the jurisdiction of a state court. Princess Lida v. Thompson, supra, would seem to hold that where the "contentions are solely as to administration" a federal court has no jurisdiction over the suit even though the complainant may not be asking the court to grant relief which would immediately affect a res within the custody of a state court. If the issues presented by the complainant involve a consideration of the actual handling of the trust property by the fiduciaries, then the federal courts would appear to have no jurisdiction. Princess Lida v. Thompson, supra; Robinson v. Georgia Savings Bank & Trust Co., 5 Cir., 1939, 106 F.2d 944; contra, Booth v. Merchants National Bank, 5 Cir., 1938, 100 F.2d 478.

In the case before us a determination of the issues presented would require consideration of the administrations of the estates of George H. Shapley, Sarah C. Shapley, Abram Bromade and Mary Ellis, the plaintiff. We have found no authority for the position that a federal court has jurisdiction over a case which would involve an examination of the general administration of four estates by a state probate court. In the absence of such authority, we hold there is no federal jurisdiction.

The judgment of the District Court is affirmed.

MAGRUDER, Circuit Judge, concurs in the result.