**REPUBLIC OF IRAQ, Plaintiff-Appellant,**

v.

**The FIRST NATIONAL BANK OF CHI-CAGO, Defendant-Appellee.**

No. 14663.

United States Court of Appeals
Seventh Circuit.

Aug. 12, 1965.

George M. Burditt, Chicago, Ill., Carl L. Shipley, Thomas A. Ziebarth, Washington, D. C., for plaintiff-appellant, Shipley, Akerman & Pickett, Washington, D. C., of counsel, for appellant.

Harry Ash, Chester E. Emanuelson, Chicago, Ill., for defendant-appellee.

Before HASTINGS, Chief Judge, and KNOCH and KILEY, Circuit Judges.

KILEY, Circuit Judge.

By this suit the Republic of Iraq seeks a judicial declaration that decrees of the Court of Personal Affairs of Baghdad, Iraq, appointing a guardian of the persons and estates of certain minor children residing in Chicago, Illinois, and dividing the estate of the deceased father among the children and their paternal grandmother are entitled, under the principles of comity, to recognition by the Probate Court of Cook County, Illinois; and for a declaration that the assets of the children's estates are unlawfully held by the First National Bank of Chicago, guardian of the estates by appointment of the Probate Court and sole defendant here, and that the assets must be turned over to the Iraqi guardian. The district court sustained the Bank's motion to dismiss the complaint and the Republic of Iraq has appealed. We affirm.

The complaint alleges that plaintiff brings the action as a sovereign nation in behalf of itself, its Ministries of Defense and Education, the five minor children, and their paternal grandmother. Jurisdiction is alleged on the basis of diversity of citizenship under 28 U.S.C. § 1332 and the Declaratory Judgments Act,

28 U.S.C. § 2201. The amount of the children's estates is not alleged, but in argument to the district court the parties agreed that it is at least $400,000. The amount of the alleged claim of the Defense and Education Ministries is stated in terms of Iraqi currency, but plaintiff's counsel told the district court that it is approximately $15,000.

On September 12, 1961 Subhi Ahmad Fakhri, an Iraqi citizen and national, and his wife, a British citizen, were killed in an airplane crash near Rabat, Morocco. They left, residing in Chicago where the parents had been living since 1957 or 1958, five minor children, two of whom were born in England and three in the United States. On September 18, 1961 the Court of Personal Affairs in Baghdad appointed Colonel Jehad Ahmed Fakhri, paternal uncle of the children, guardian of their persons and estates, and the estate of Subhi Fakhri was divided into six equal shares, one each for the five children and their paternal grandmother. On September 19, 1961 the Probate Court of Cook County appointed Donn P. Hogan, maternal uncle of the children, and defendant Bank, as guardians of the estates of the children, and Suzanne M. E. Hogan, the maternal grandmother, as personal guardian. Subsequently Mr. Hogan resigned as co-guardian of the estates and was appointed co-guardian of the persons. On October 3, 1961 the Iraqi Charge d'Affaires in Washington wrote to the Judge of the Cook County Probate Court notifying him of the Iraqi decrees, but that court has proceeded without regard to the decrees.

Plaintiff also alleges that the children, under the Iraqi nationality laws, are Iraqi citizens; that Subhi Fakhri was indebted to the Iraqi Ministries of Defense and Education for funds expended for his education; and that no notice of the Probate Court proceedings was given to Colonel Fakhri.

The district court dismissed the complaint on the ground of want of federal jurisdiction to entertain a collateral attack on the orders of the Probate Court, which the court stated were "*res judicata*". We think the result reached by the district court was correct, but for the reasons that the complaint presents no justiciable controversy and fails to state a claim upon which relief can be granted.

■ In the complaint plaintiff alleges no specific basis of federal question jurisdiction, but it argued to the district court and here that a federal question is presented because of a number of treaties between the United States and the Republic of Iraq and because both nations are signatories of the United Nations Charter. Plaintiff points to no specific treaty provision, nor to any in the United Nations Charter, which would require a state court to recognize an Iraqi guardianship decree. See Hauenstein v. Lynham, 100 U.S. 483, 25 L.Ed. 628 (1879). The mere fact that plaintiff is a friendly sovereign nation with treaty relationships with the United States does not make the claim one arising under the treaties of the United States for the purpose of 28 U.S.C. § 1331. The sole basis of the district court's jurisdiction, therefore, was diversity of citizenship between the Republic of Iraq and the Bank, an Illinois corporation, and substantive questions presented must be governed by Illinois law. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

■ The judicial power of the United States extends only to "cases and controversies". U.S.Const., Art. III, Sec. 2. Federal courts are empowered to adjudicate claims only at the instance of one who can assert a personal, immediate and substantial interest in the matter presented to the court; and the claim must be against a party against whom the requested relief can be granted. Aetna Life Ins. Co. of Hartford Conn. v. Haworth, 300 U.S. 227, 240, 241, 57 S.Ct. 461, 81 L.Ed. 617 (1937); Lebowich v. O'Connor, 309 F.2d 111, 114 (2d Cir. 1962).

■ Plaintiff's first prayer for relief is for a declaratory judgment that

the decrees of the Court of Personal Affairs of Baghdad are entitled to comity and must be given full faith and credit by the Cook County Probate Court. The district court has no probate jurisdiction, Markham v. Allen, 326 U.S. 490, 494, 66 S.Ct. 296, 90 L.Ed. 256 (1945); Sutton v. English, 246 U.S. 199, 205, 38 S.Ct. 254, 62 L.Ed. 664 (1918), and no power to order the Probate Court of Cook County, even if that court or a judge thereof were a party to this suit, to recognize and give effect to a foreign decree, the effect of which would be to remove control of the entire matter from the jurisdiction of the Probate Court. The authority of the district court under its diversity jurisdiction is limited to rendering judgments *in personam* against executors, administrators, guardians and other representatives. Commonwealth Trust Co. of Pittsburgh v. Bradford, 297 U.S. 613, 618, 56 S.Ct. 600, 80 L.Ed. 920 (1936). It may not render any judgment which would interfere with the possession and control of property under administration by the Probate Court. Princess Lida of Thurn and Taxis v. Thompson, 305 U.S. 456, 466–468, 59 S.Ct. 275, 83 L.Ed. 285 (1939); United States v. Bank of New York & Trust Co., 296 U.S. 463, 477–479, 56 S.Ct. 343, 80 L.Ed. 331 (1936); Waterman v. Canal-Louisiana Bank and Trust Co., 215 U.S. 33, 43–46, 30 S.Ct. 10, 54 L.Ed. 80 (1909); Byers v. McAuley, 149 U.S. 608, 615–619, 13 S.Ct. 906, 37 L.Ed. 867 (1893); Galleher v. Grant, 160 F.Supp. 88 (N.D.Ill.1958).

■ In its own behalf the Republic of Iraq alleges that Subhi Fakhri was indebted to it for amounts expended by it for his education. No prayer for relief is made with respect to this claim, and none could properly be made against the Bank, the sole defendant here, as guardian of the estates of the children. In the complaint plaintiff "asserts its right as a sovereign nation to recover from the estate of the deceased Iraqi citizen these sums of money in accordance with applicable Iraqi law." Such a claim should be brought against the representative of the estate of the alleged debtor, not the guardian of the estates of the children. If the time for filing such claims against the representative of the estate has elapsed, the federal court is bound by the state law. Sutton v. English, 246 U.S. 199, 205–207, 38 S.Ct. 254, 62 L.Ed. 664 (1918); Security Trust Co. v. Black River Nat'l Bk., 187 U.S. 211, 227, 23 S.Ct. 52, 47 L.Ed. 147 (1902).

■ The complaint also asserts that it is brought in behalf of the mother of Subhi Fakhri to obtain the one-sixth share of his estate awarded to her by the Iraqi decree. This claim too is not properly brought against the Bank as guardian of the children's estates.

■ Plaintiff's principal claim is brought in behalf of the children to assert the claim of each to one-sixth of the father's estate pursuant to one of the Iraqi decrees and to have Colonel Fakhri recognized as guardian of their persons and estates. As to the claims for shares of that estate and the appointment of the personal guardian, again the claims are not properly brought against the Bank.

■ A further fundamental objection to the plaintiff's assertion of the claims of the mother and the children is its lack of standing to assert these claims. Federal courts will not entertain a suit at the instance of the United States if the suit is in reality one between private individuals.

In all the decisions to which we have just referred it is either expressed or implied that this interest or duty of the United States must exist as the foundation of the right of action. Of course, this interest must be made to appear in the progress of the proceedings, either by pleading or evidence; and if there is a want of it, and the fact is manifest that the suit has actually been brought for the benefit of some third person, and that no obligation to the general public exists which requires the United States to bring it, then the suit must fail.

United States v. San Jacinto Tin Co., 125 U.S. 273, 286, 8 S.Ct. 850, 857, 31 L.Ed. 747 (1888); accord United States v. State of Minnesota, 270 U.S. 181, 193, 46 S.Ct. 298, 70 L.Ed. 539 (1926); In re Debs, 158 U.S. 564, 586, 15 S.Ct. 900, 39 L.Ed. 1092 (1895); United States v. American Bell Telephone Co., 128 U.S. 315, 367, 9 S.Ct. 90, 32 L.Ed. 450 (1888). We think the same rule applies in the case of a foreign nation. If a sovereign nation chooses to assert against a foreign nation private claims of its individual citizens it does so as sovereign *vis-a-vis* the foreign nation, not as a private litigant. United States v. Diekelman, 92 U.S. 520, 524, 23 L.Ed. 742 (1875). Cases dealing with the assertion by States of rights of their citizens under the original jurisdiction of the United States, e. g., State of New Hampshire v. State of Louisiana: State of New York v. State of Louisiana, 108 U.S. 76, 90–91, 2 S.Ct. 176, 27 L.Ed. 656 (1883); State of Oklahoma ex rel. Johnson v. Cook, 304 U.S. 387, 58 S.Ct. 954, 82 L.Ed. 1416 (1938); State of Missouri v. State of Illinois and the Sanitary District of Chicago, 180 U.S. 208, 21 S.Ct. 331, 45 L.Ed. 497 (1901), illustrate the type of interest which a government must show in order to be entitled to maintain an action in its own name—an interest which the Republic of Iraq does not possess in this case.

The complaint in alleging that the Probate Court of Cook County must recognize a guardianship decree of an Iraqi court concerning children residing in Cook County also fails to state a claim upon which relief can be granted under Illinois law. Regardless of the domicile or nationality of the child, the courts of Illinois have jurisdiction over the guardianship of a child within the state and are not required under the principles of comity or full faith and credit to recognize guardianship decrees of a foreign state with respect to such a child. People ex rel. Noonan v. Wingate, 376 Ill. 244, 33 N.E.2d 467 (1941); Winslow v. Lewis, 15 Ill.App.2d 65, 144 N.E.2d 782 (1957).

While a foreign guardianship decree may be evidence to be considered on the question whether it will be recognized as a matter of comity, we think that in this case, where the children have never been in Iraq and were residing in Chicago with their parents since 1957 or 1958, it is clear that the courts of Illinois would not recognize the Iraqi decrees, and that these principles apply with equal, if not greater, force to the question of the guardianship of estates located in Illinois.

The judgment of the district court dismissing the complaint is affirmed.