**Hazel GADDY, Administratrix for the Estate of James Brown Gaddy, Deceased, Plaintiffs,**

v.

**LOUISVILLE & NASHVILLE RAILROAD COMPANY, Defendant. Dorothy M. Gaddy, Intervenor.**

**No. 1155.**

United States District Court
E. D. Kentucky,
Covington Division.

Nov. 5, 1968.

G. Wayne Bridges, Covington, Ky., for plaintiffs.

Adams & Brooking, Covington, Ky., for defendant.

Harry Riggs, Jr., Erlanger, Ky., Walter C. Beall, Cincinnati, Ohio, for intervenor.

## MEMORANDUM AND ORDER

SWINFORD, Chief Judge.

This is an action brought under the Federal Employers' Liability Act for wrongful death. The plaintiff, Hazel Gaddy, is the administratrix of the estate of the deceased. One Dorothy M. Gaddy, deceased's first wife, has intervened, claiming to be his widow. After many proceedings, including a trial and appeal, 6 Cir., 386 F.2d 772, the defendant settled all claims with Hazel Gaddy, the administratrix. Thereafter, upon application of her counsel, the state probate court set the fee for the administratrix and her counsel. Now counsel for Dorothy M. Gaddy moves this court to set reasonable counsel fees and to designate a reasonable share of costs to be assigned to the children of the deceased.

This court is of the opinion that it does not have jurisdiction to set counsel fees as requested by counsel for the Intervenor. The setting of such fees is a matter for the state probate court as part of its general power over the administration of estates. A federal court has no jurisdiction of matters strictly probate or, in this sense, administrative in nature. See Sutton v. English, 246 U.S. 199, 205, 38 S.Ct. 254, 62 L.Ed. 664; 32 Am. Jur.2d Federal Practice and Procedure, Section 32.

Intervenor's argument that Section 51 of Title 45, United States Code, gives this court jurisdiction is not persuasive. This section merely provides a cause of action and specifies for whose benefit it is provided. It does not give this court jurisdiction to administer the distribution of funds recovered.

Intervenor contends that the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., gives this court jurisdiction to set attorneys' fees in this case. Reliance on this Act is misplaced. The purpose of the Act is not to permit the court to set attorneys' fees in actions before it but the purpose is to avoid delay and accrual of damages against one uncertain of his rights and to promote an early adjudication of a controversy between parties without waiting until one of them sues after damages have accrued. Muskegon Piston Ring Co. v. Olsen, 6 Cir., 307 F.2d 85, cert. denied 371 U.S. 952, 83 S.Ct. 508, 9 L.Ed.2d 500.

The motion of the Intervenor to determine attorneys' fees is overruled.