**Malinda LIGHTFOOT, Plaintiff,**

v.

**Ed HARTMAN and Ed Hartman, Administrator of the Estate of Laura Hartman, Deceased, Defendants.**

Civ. A. No. 16938–3.

United States District Court
W. D. Missouri, W. D.

Nov. 7, 1968.

Theodore Tenny, Kansas City, Mo., for plaintiff.

Christian F. Stipp, Carrollton, Mo., James H. Ottman, and Frederick Beihl, Kansas City, Mo., for defendants.

## MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE AND JUDGMENT OF DISMISSAL

BECKER, Chief Judge.

This is a civil action for damages against the administrator of an estate which is still in the process of administration in Carroll County, Missouri. Jurisdiction is founded on diversity of citizenship. Plaintiff is a citizen of Kansas and defendant, both individually and as administrator of the estate of Laura Hartman, deceased, a citizen of Missouri. The complaint is in two counts. In the first count, it is stated that the defendant administrator with intent to convert to his own use "withheld assets" from the estate of Laura Hartman, to the damage of plaintiff, a niece and heir of Laura Hartman, in the amount of $70,000. In the second count, it is stated that the inventory filed by defendant on February 1, 1968, in the Probate Court of Carroll

County, Missouri, was "false and fallacious" and known to be so by the defendant and that plaintiff was thereby damaged in the amount of $25,000.

Defendant now moves to dismiss the complaint on the grounds that the court lacks jurisdiction of the subject matter, which, it is contended, is within the exclusive jurisdiction of the Probate Court of Carroll County, Missouri.

■■■ It is agreed that the estate here involved is still in the process of administration in the Probate Court. Since administration of the estate has not been completed, plaintiff has prematurely invoked the jurisdiction of the federal courts. The general rule is that domestic relations cases and probate matters are excepted from federal diversity jurisdiction. See *Wright on Federal Courts* § 25, p. 73 (West, 1963). This general rule in respect to probate matters has many exceptions. Id. at 74; 1 Barron & Holtzoff, Federal Practice and Procedure § 51.1; 1A Moore's Federal Practice ¶ 0.201, n. 64. Federal courts can entertain actions against administrators and executors in which plaintiffs seek to establish their claims against an estate if entertaining such actions does not involve interfering with the probate proceedings, assuming general jurisdiction thereof, or assuming control of the property in the custody of the state court. *Markham v. Allen*, 326 U.S. 490, 66 S.Ct. 296, 90 L.Ed. 256; *Sutton v. English*, 246 U.S. 199, 38 S.Ct. 254, 62 L.Ed. 664; *Republic of Iraq v. First National Bank of Chicago* (C.A.7, 1965) 350 F.2d 645. Actions like the one in the case at bar seeking a personal judgment against an executor or administrator for fraud or other wrongdoing, may be filed and processed in the federal courts "but only if a final accounting has been made in the state probate proceedings." *Wright on Federal Courts*, supra; 1 Barron & Holtzoff, Federal Practice and Procedure, supra; 1A Moore's Federal Practice ¶ 2.09, n. 48. *Lathan v. Edwards* (C.A.5, 1941) 121 F.2d 183.

In this Circuit, it has been consistently held that federal jurisdiction does not extend to cases which are purely controversies occurring in the process of the administration of an estate. See *Northrup v. Browne* (C.A.8, 1913) 204 F. 224, 230, in which the court said:

"Thus it clearly appears that the federal court may in the first instance adjudicate a claim against the estate of a deceased person in an action brought by the creditors against the administrator or executor, the requisite amount in controversy and diversity of citizenship existing. The federal court may also in a proper case determine the right of a party as heir, legatee, or distributee; but the court has no jurisdiction to determine those matters which are purely matters of administration * * *."

Again, in *O'Connor v. Slaker* (C.A.8, 1927) 22 F.2d 147, 149, it is stated: "Matters purely of a probate character * * * are not within the jurisdiction of the federal courts." See also *State of Missouri ex rel. and to Use of Stormfeltz v. Title Guaranty & Surety Co.* (C.A.8, 1934) 72 F.2d 595, 599, to the effect that "the federal court will not interfere with the probate of an estate in so far as the payment of debts and the settlement of accounts are concerned." In *Turner v. Alton Banking and Trust Co.* (C.A.8, 1948) 166 F.2d 305, it was held that a probate court had exclusive jurisdiction with respect to all matters of administration, including the power to compel the administrator's accounting.

■■■ A recent case from the Tenth Circuit, *Patterson v. Wynkoop* (C.A.10, 1964) 329 F.2d 59, involved a suit against an administrator and his wife, in their individual capacities, seeking an accounting and judgment for money entrusted to them by the testator during his lifetime. In upholding the district court's dismissal of the action, the Circuit Court of Appeals held that by New Mexico statute, the subject matter of the suit was cognizable in the probate courts in New Mexico. The same legal conditions are present here, where by virtue of the Missouri Statute Section 473.353 RSMo, any person interested in an estate can

file an affidavit stating good cause to believe that the executor or administrator thereof has concealed or embezzled, or is otherwise wrongfully withholding any personal property of the decedent and has it in his possession or under his control. On "conviction" (proof of the charge), the probate court is empowered to compel such executor or administrator to inventory the property and cause it to be appraised as property of the estate. The jurisdiction of the probate court under the statute is exclusive. Maus, Missouri Practice, Probate Law and Practice; Kalberloh v. Stewart (Mo.App.) 378 S.W.2d 820; Caldwell v. First National Bank of Wellston (Mo.App.) 238 S.W.2d 921; Mathews v. Pratt (Mo.Sup.) 367 S.W.2d 632; State ex rel. Chicago Cardinals Football Club, Inc. v. Nangle (Mo.Sup.) 369 S.W.2d 167; In re Frech's Estate (Mo.Sup.) 347 S.W.2d 224. The present action, we therefore conclude, is presently solely cognizable in the Probate Court of Carroll County, Missouri.

For the foregoing reasons, it is

Ordered and adjudged that this cause be, and the same is hereby, dismissed without prejudice for lack of jurisdiction.