Uzal H. MARTZ, Jr.

v.

Frances Zerbey BRAUN, Marion K. Flanagan, Uzal H. Martz, Richard L. Jones.

Civ. A. No. 41332.

United States District Court
E. D. Pennsylvania.
March 27, 1967.

John E. Walheim, Philadelphia, Pa., William R. Mosolino (co-counsel), Pottsville, Pa., for plaintiff.

Harvey Levin, Ralph S. Snyder, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for defendant.

OPINION

JOHN MORGAN DAVIS, District Judge.

We have before us the defendants' motion to dismiss the complaint for lack of jurisdiction over the subject matter

or in the alternative to stay the action pending determination of the issues by the Orphans' Court of Schuylkill County, Pennsylvania.

The plaintiff, a citizen of Virginia, is the beneficiary of two trusts established under the terms of the will of his late grandfather. He has presently a ¹⁄₁₂ interest in the income and a ⅓ contingent remainder interest in the corpus. The defendants are the trustees of both trusts. One of the trusts, the J. H. Zerbey Newspaper Trust, has as its principal asset Five Thousand Nine Hundred and Sixty (5960) out of a total of Six Thousand (6000) shares of stock of J. H. Zerbey Newspapers. The defendant Uzal H. Martz, is president and treasurer as well as a director of this Corporation. The plaintiff contends that the directors have been voting themselves substantial gratuitous bonuses at the end of each year, and that the amount of the bonuses exceeded $20,000 in 1965 and has exceeded $150,000 over the years. The plaintiff alleges that the trustees, who control the corporation and at least one of whom is an officer and director, have full knowledge of these payments and have given their consent to them although the trustees have refused to give him any information about them. Moreover, he avers that the trustees have made fraudulent accountings to the Orphans' Court of Schuylkill County, Pennsylvania in failing to disclose that these bonuses were being paid.

The plaintiff is suing the trustees for the portion of the bonuses denied to him as a life tenant of the trust or in the alternative for whatever relief the court deems equitable and proper.

The defendants contend that this court lacks jurisdiction over the subject matter because the action involves a probate matter within the exclusive jurisdiction of the Orphans' Court of Schuylkill County.[1]

It is now well settled that the federal courts have no jurisdiction to probate a will or to administer an estate since the equity power conferred by the Judiciary Act of 1789 and its successors included only that power held by the English Chancery Court in 1789 and this did not extend to probate or estate matters. Markham v. Allen, 326 U.S. 490, 66 S.Ct. 296, 90 L.Ed. 256 (1946); Broderick's Will, 88 U.S. (21 Wall.) 503, 22 L.Ed. 599 (1874). Nevertheless, the federal courts have jurisdiction

"to entertain suits 'in favor of creditors, legatees and heirs' and other claimants against a decedent's estate 'to establish their claims' so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." Markham v. Allen, supra, 326 U.S. at 494, 66 S.Ct. at 298.

Similarly, the Supreme Court has stated that where the action is strictly "in personam" rather than "in rem," "quasi in rem," or related solely to "administration and restoration of corpus," the federal courts have power to adjudicate the controversy. Princess Lida v. Thompson, 305 U.S. 456, 466–467, 59 S.Ct. 275, 83 L.Ed. 285 (1939). See Vestal & Foster, "Implied Limitations on the Diversity Jurisdiction of Federal courts," 41 Minn.L.Rev. 1, 13–23 (1956); Note, "Federal Jurisdiction in Matters Relating To Probate and Administration," 43 Harv.L.Rev. 462 (1930).

The problem that exists here is one of deciding on which side of the line this case falls, for the Supreme Court has not been altogether clear or consistent in applying its rules. A review of some of its decisions will be helpful.

In Payne v. Hook, 74 U.S. (7 Wall.) 425, 19 L.Ed. 260 (1868), the plaintiff brought suit in the federal court against the administrator of her brother's estate

1. The defendants have withdrawn their motion to dismiss for lack of diversity. Furthermore, all beneficiaries have either signed disclaimers and releases or are parties in this action so that the plaintiff's motion to join certain involuntary plaintiffs and the defendants' motion to dismiss for failure to have all the beneficiaries as parties are both moot.

to obtain her distributive share. She contended that the administrator was guilty of gross misconduct, had made false statements to the State Probate Court, had withheld a true inventory of decedent's property, and had obtained a receipt from plaintiff by fraudulent means. The Supreme Court upheld the jurisdiction of the federal courts, stating "that a court of chancery, as an incident to its power to enforce trusts, and make those holding a fiduciary relation account, has jurisdiction to compel executors and administrators to account and distribute the assets in their hands." Payne v. Hook, supra at 431.

In Hayes v. Pratt, 147 U.S. 557, 13 S. Ct. 503, 37 L.Ed. 279 (1893), a testator had established a testamentary trust, the purpose of which was to establish a home for aged and infirm mechanics. His will named two trustees and two successor trustees. When the two original trustees had died, the property passed by the terms of the will to Pratt, one of the successor trustees. However, the son of one of the original trustees had secured an appointment by the New Jersey Orphans' Court as trustee over part of the assets, but had not applied them for the purpose directed by the testator. Pratt sued him in federal court to account for the assets and to require him to turn them over to him for administration. Again the Supreme Court held that the federal courts had jurisdiction over the matter.

The Supreme Court found that the lower court had erroneously assumed jurisdiction in Byers v. McAuley, 149 U.S. 608, 13 S.Ct. 906, 37 L.Ed. 867 (1893). There the federal court had taken complete control of the administration of an estate. The opinion distinguished Payne v. Hook, supra on the ground that in the latter the court made no attempt to take possession of the estate assets, settle the claims of the citizens of the state inter se or administer the estate, "but simply acted to establish and enforce, in behalf of a citizen of another state, her claim to a share of the estate." Byers v. Mc-

Auley, supra at 617, 13 S.Ct at 909. See also Farrell v. O'Brien, 199 U.S. 89, 25 S.Ct. 727, 50 L.Ed. 101 (1905); Ellis v. Davis, 109 U.S. 485 (1883).

In Waterman v. Canal-Louisiana Bank, 215 U.S. 33, 30 S.Ct. 10, 54 L.Ed. 80, (1909), the plaintiff sought to have certain legacies under her aunt's will declared lapsed, to prohibit two of the testatrix's nephews from sharing certain undisposed property, to have an account taken of all the testatrix's property coming into the possession of the executor, and to have herself declared sole heir at law of the decedent. The Supreme Court held that the relief sought went beyond the equity power of the federal courts insofar as it asked for an accounting of the estate. " * * * [I]n so far as the probate administration of the estate is concerned in the payment of debts, and the settlement of the accounts by the executor or administrator, the jurisdiction of the probate court may not be interfered with." Waterman v. Canal-Louisiana Bank, supra at 45, 30 S.Ct. at 13. Yet the court stated that the lower federal tribunal

"has the right to, determine, as between the parties before the court, the interest of the complainant in the alleged lapsed legacy and residuary estate, because of the facts presented in the bill. The decree to be granted cannot interfere with the possession of the estate in the hands of the executor, while being administered in the probate court, but it will be binding upon the executor, and may be enforced against it personally. If the Federal court finds that the complainant is entitled to the alleged lapsed legacy and the residue of the estate, while it cannot interfere with the probate court in determining the amount of the residue arising from the settlement of the estate in the court of probate, the decree can find the amount of the residue, as determined by the administration in the probate court in the hands of the executor, to belong to the complainant, and to be held in trust for her, thus binding the executor per-

sonally". Waterman v. Canal-Louisiana Bank, supra at 46, 30 S.Ct. at 13.

Nine years later, the Supreme Court was again faced with the question of federal probate jurisdiction in Sutton v. English, 246 U.S. 199, 38 S.Ct. 254, 62 L.Ed. 664 (1918). The plaintiffs sought to have annulled a joint will of Moses and Mary Jane Hubbard as well as one paragraph of a subsequent will of the testatrix and to have set aside a judgment in favor of certain devisees under the joint will. The Court disclaimed jurisdiction because the action was essentially one to annul a will which under Texas law was "supplemental to the proceedings for probate of the will and cognizable only by the probate court." Sutton v. English, supra at 208, 38 S.Ct. at 257. Yet the Court added,

> "questions relating to the interests of heirs, devisees, or legatees, or trusts affecting such interests, which may be determined without interfering with probate or assuming general administration are within the jurisdiction of the federal courts where diversity of citizenship exists and the requisite amount is in controversy."

Sutton v. English, supra at 205, 38 S.Ct. at 256.

In Commonwealth Trust Co. v. Bradford, 297 U.S. 613, 56 S.Ct. 600, 80 L.Ed. 920 (1936), a bank had held real estate mortgages in a pool and had sold participation shares. The bank failed and the comptroller of the currency appointed a receiver to wind up its affairs. The Receiver subsequently consented to the appointment of the Commonwealth Trust Co. as successor trustee of the mortgage fund. The Orphans' Court authorized the trustee to make certain distribution among the shareholders but proscribed any payment to the Receiver pending a determination of his rights. The Receiver then filed suit in the Federal District Court. The defendant moved to dismiss on the ground that the federal court would be interfering with the res which was in the possession and control of the Orphans' Court. The Supreme Court held that the suit was not one to interfere with the trust corpus but rather one to determine the rights or interest of the Receiver. It was not an in rem proceeding to order distribution but a suit to establish rights and decide issues that precede distribution.

Several years later, a case reached the Supreme Court where the mother and a son of the settlor of an inter vivos trust sued the trustees on the grounds of mismanagement and sought to have them removed and account and repay all losses. Princess Lida v. Thompson, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285 (1939). Meanwhile trustees had filed accounts in the state courts which permitted the filing of exceptions. The state court enjoined the parties in federal district court from proceeding with the matter and the injunction was affirmed by the State Supreme Court. The Federal Court then temporarily enjoined those before the state court from further action. The United States Supreme Court was thus faced with a situation where the state and federal courts had restrained the parties before each other from proceeding. The Court stated that where the judgment sought is "strictly in personam" both courts have concurrent jurisdiction. However, where the action is in rem or quasi in rem in that the court has or must have possession of the property in order to grant the relief requested, the first court obtaining jurisdiction may exercise it to the exclusion of the other. Finding the present proceeding to be quasi in rem, it upheld the exclusive jurisdiction of the state court from the point when the trustees filed their account prior to the federal action. The Court added,

> "While it has no application to a case in a federal court based upon diversity of citizenship, wherein the plaintiff seeks merely an adjudication of his right or his interest as a basis of a claim against a fund in the possession of a state court, this is not such a case. No question is presented in the federal court as to the right of any person to participate in the res or as to the quantum of his interest in it. The

contentions are solely as to administration and restoration of corpus." Princess Lida v. Thompson, supra at 466–467, 59 S.Ct. at 281.

The last pronouncement of the Supreme Court came in Markham v. Allen et al, 326 U.S. 490, 66 S.Ct. 296, 90 L.Ed. 256 (1946). The question was "whether a district court * * * has jurisdiction of a suit brought by the Alien Property Custodian against an executor and resident heirs to determine the Custodian's asserted right to share in decedent's estate which is in course of probate administration in a state court." Markham v. Allen, supra at 491–492, 66 S.Ct. at 296. The Supreme Court sustained federal court jurisdiction on the ground that the judgment did not interfere with the "orderly administration of the decedent's estate in the state probate court" but simply involved the Custodian's "right in the property to be distributed after its administration." Markham v. Allen, supra at 495, 66 S.Ct. at 299. The Court also refused to abstain on the grounds, first, that the need to interpret state law is not in itself a sufficient reason and secondly that the trading with the Enemy Act specifically conferred power on the federal court to deal with matters involving the Alien Property Custodian.

In the instant action the plaintiff is not seeking to construe a will or have it annulled. Sutton v. English, supra. He is not seeking to have an accounting, to have the trustees removed, or to have the trust corpus restored. Princess Lida v. Thompson; Waterman v. Canal-Louisiana Bank, supra. But see Hayes v. Pratt, supra; Payne v. Hook, supra. He is not asking for a distribution of the trust res. See Byer v. McAuley, supra. The plaintiff seeks damages against the trustees of a testamentary trust on the ground that they have breached their fiduciary duty to him as an income beneficiary. The action is against them personally and does not call for our administration of the trust assets.

■ The fact that any judgment in this case may be binding on the Orphans' Court or may affect it in some way in dealing with the trustees or the trust does not bar this court from the right to adjudicate the matter before us. Markham v. Allen, supra, 326 U.S. at 494, 66 S.Ct. 296; Waterman v. Canal-Louisiana Bank, supra, 215 U.S. at 46, 30 S.Ct. 10. In all the cases where the Supreme Court has affirmed our jurisdiction, there can be no doubt that the Federal Courts have influenced to some degree the res or its administration in the hands of the State courts. If, for example, we determine what persons have a right in an estate, it cannot do otherwise than affect the State court's handling of the corpus. E. g. Markham v. Allen, supra. The cases, however, attempt to distinguish between direct interference with or control of the res and the adjudication of the rights of individuals who have an interest it it. This line is not always clear and there is considerable question in our minds whether it really has any validity at all in many situations. Nevertheless, we must attempt to fix this case at some point on the spectrum.

The only Supreme Court decision that could possible be construed to disclaim jurisdiction in a situation somewhat similar to this one is Princess Lida v. Thompson, supra. There, however, the plaintiff had sought much more than he seeks here. There she had asked for an accounting, the removal of trustees, and repayment of losses of the estate, all of which together the court found went "solely as to the administration and restoration of corpus." Princess Lida v. Thompson, supra, 305 U.S. at 467, 59 S.Ct. at 281. Yet the opinion stated that the federal courts have jurisdiction where the suit is "strictly in personam." Princess Lida v. Thompson, supra, 305 U.S. at 466, 59 S.Ct. 275.

■ In light of the language in a myriad of Supreme Court cases discussed including Markham v. Allen, supra, decided subsequent to Princess Lida v. Thompson, supra, we conclude that the Federal District Court has jurisdiction over the subject matter where the beneficiary of a testamentary trust sues the

trustees personally for damages he has suffered as a result of their breach of duty to him. This controversy is far enough removed from direct interference with the trust itself so as to be within our power to adjudicate. At least one fairly recent United States Court of Appeals decision has reached the same result. Beach v. Rome Trust Company, 269 F.2d 367 (2d Cir. 1959). But see Kittredge v. Stevens, 126 F.2d 263 (1st Cir.), cert. denied 317 U.S. 642, 63 S.Ct. 64, 87 L.Ed. 517 (1942).

The next question that presents itself is whether this court should abstain or stay the proceedings pending an adjudication of the matter in the Orphans' Court of Schuylkill County. We decide that we should not.

 In this case, we have no constitutional question bearing on state law or any request for injunctive relief against state officials, where the resolution of unsettled issues of state law may make a federal constitutional question moot. See Baggett v. Bullitt, 377 U.S. 360, 84 S.Ct. 1316, 12 L.Ed.2d 377 (1964); Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). Neither are we faced with any difficult and far reaching questions of state law upon which the courts of Pennsylvania have not passed. See Louisiana Power & Light Co. v. Thibodaux, 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1959). Since none of these special circumstances exists, it would be an abuse of discretion to abstain on the basis of federal-state comity. See County of Allegheny v. Mashuda, 360 U.S. 185, 79 S.Ct. 1060, 3 L.Ed.2d 1163 (1959); Meredith v. City of Winter Haven, 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9 (1943); Markham v. Allen, supra at 326 U.S. 495–496, 66 S.Ct. 296; Beach v. Rome Trust Company, supra 269 F.2d at 373–374. Abstention is "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." County of Allegheny v. Mashuda, supra, 360 U.S. at 188, 79 S.Ct. at 1063.

The defendant's motion to dismiss or in the alternative to stay the proceeding must be denied.

We note that the defendants at the argument raised for the first time the question whether the requisite amount in controversy existed. We do not pass on that issue here, since the plaintiff was not prepared to argue the matter and had not instituted discovery or produced affidavits to sustain his burden. We assume that the defendant will file a formal motion contesting jurisdiction because of a deficiency in the monetary amount and that the matter will be properly presented to this court in due course.

[ORDER]

Defendant's motion to dismiss the complaint or in the alternative to stay the action pending determination by the Orphans' Court of Schuylkill County of the issues raised by the plaintiff's complaint denied.