Judith A. **DUDLEY** et al.

v.

**BOARD OF CITY TRUSTS OF the CITY OF PHILADELPHIA** et al.

Civ. A. No. 72–2445.

United States District Court,
E. D. Pennsylvania.

June 27, 1973.

Michael J. Izzo, Jr., Philadelphia, Pa., for plaintiffs.

Thomas J. Gaffney, Gustine J. Pelagatti, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Plaintiffs, citizens of New Jersey, are the mothers of children enrolled in and residing at Girard College, a free primary and secondary school for poor male orphan boys founded in 1831 under the Will of Stephen Girard[1] and located in Philadelphia. Although the plaintiffs' children are not named in the caption of the complaint, the plaintiffs allege that they bring this action on their own behalf, on behalf of their children and on behalf of a class of mothers and guardians whose children also are enrolled in and residing at Girard College.[2] The complaint is in two counts. Count I is premised on diversity of citizenship, 28 U.S.C. § 1332(a)(1) (1970), the plaintiff class representatives being citizens of New Jersey, and all the defendants, Board of City Trusts of the City of Philadelphia (Board) and its members, being citizens of the Commonwealth of Pennsylvania. The requisite jurisdictional amount is also alleged. Count II is premised on 28 U.S.C. § 1343 (1970) with relief requested pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 (1970).

Plaintiffs have moved for a preliminary injunction. Before us is defendants' motion to dismiss the complaint for the following reasons: (1) lack of

1. For a fuller explanation of the history and nature of Girard College, see Commonwealth of Pennsylvania v. Brown, 260 F.Supp. 323 (E.D.Pa.1966); Commonwealth of Pennsylvania v. Brown, 260 F. Supp. 358 (E.D.Pa.1966), vacated 373 F. 2d 771 (3 Cir. 1967); Commonwealth v. Brown, 270 F.Supp. 782 (E.D.Pa.1967) aff'd 392 F.2d 120 (3 Cir.) cert. denied, 391 U.S. 921, 88 S.Ct. 1811, 20 L.Ed.2d 657 (1968).

2. No motion for determination of a class has been made. See Local Rule 45.

subject matter jurisdiction in that plaintiffs' claim is not substantial, that this court does not have jurisdiction to administer a trust and that the jurisdictional amount is not present, (2) failure to join an indispensible party, the City of Philadelphia, Trustee under the Will of Stephen Girard, and (3) failure to state a claim upon which relief may be granted. We will treat each count separately in deciding the motion to dismiss.

I

In Count I plaintiffs allege that they have as a condition precedent to the admission of their sons to Girard College signed an agreement with the defendant Board. The agreement [3] relinquishes legal custody and control of plaintiffs' sons to the Board, which is required thereunder, plaintiffs allege, to maintain and educate each boy according to the provisions and in the manner and under all of the regulations and restrictions specified in the Will of Stephen Girard. Among the regulations, restrictions and benefits alleged to be accorded to the children enrolled at Girard College are the following: (1) a better education as well as more comfortable maintenance than they usually receive from the application of the public funds, (2) competent and sufficient educators and staff, (3) safe and decent lodging, board and care, and (4) a program of sound moral teachings. It is further alleged that defendants have breached the agreement in the following manner:

(1) Hiring and continuing to support an administration which has caused and tolerated the quality of education at Girard College to degenerate.

---

3. The Agreement provides as follows:

Whereas,          is a poor male orphan, born on the      day of      in the year one thousand nine hundred and           in the      .

And Whereas,           has applied for his admission into Girard College, stating that he is sound in mind and body, and the Board of Directors of City Trusts ("Directors") have assented to his admission;

Now this Agreement Witnesseth, That the said           hereby relinquishes legal custody and control of the said           to the Directors, so long as said           is a student in the said College, to be maintained and educated according to the provisions and in the manner and under all the regulations and restrictions specified in the will of Stephen Girard, Deceased. If it shall be determined by the Directors, that the said           has by malconduct become an unfit companion for the other students, or has for any other cause ceased to merit a continuance in Girard College, it may cancel this agreement and return the said           to said           and the Directors upon such return shall be released from all responsibility under this agreement. The location elsewhere of the said           by the officers of the College, upon the request of the said           after the termination of this agreement or pending action of the Directors, thereon, shall not extend or renew this agreement or impose any obligations upon said Directors, their agents and servants.

In Witness Whereof, the Directors have caused these presents to be executed by the President of Girard College, attested by the Director of Admissions and Student Relations thereof, and the said           has hereunto set hand and seal the      day of      , in the year one thousand nine hundred and      .

_____ [Seal]

Sealed and Delivered
in the presence of

Mother, Guardian, next friend

Board of Directors of City Trusts

By_____
     President of Girard College

Attest: _____
     Director of Admissions and Student
     Relations

(2) Allowing the physical condition of Girard College, as well as its housing and health care programs, to deteriorate to a condition which is a present threat to the health and safety of the children enrolled at Girard College.

(3) Hiring and continuing to support as President of Girard College, defendant Gayle K. Lawrence, who has conducted himself in such a manner as to present a threat to the health, safety and morals of the children enrolled at Girard College.

(4) Failing to outline or enforce disciplinary policies which has resulted in the complete deterioration of the educational and moral development of Girard College students and has resulted in an immediate threat to the safety and morals of said children.

(5) Causing and tolerating, and, in the case of defendant Lawrence, participating in arbitrary and brutal physical treatment of the students without notice of any standards of conduct violated and hearing on said violations.

(6) Causing the closing of Girard College resulting in the voluntary abandonment of defendants obligations as legal guardians of plaintiffs without court approval or due process of law.

The complaint as to Count I seeks the following relief:

(1) Damages in excess of $10,000.00 be awarded to each of the named plaintiffs and for each member of the class.

(2) Pending final hearing upon this complaint the defendant Gayle K. Lawrence be preliminarily enjoined, and after hearing permanently enjoined from administering and operating as president of Girard College.

(3) A receiver be appointed to administer Girard College pending final hearing upon this complaint.

(4) This court issue a mandatory injunction against the defendant Board of City Trusts requiring said defendants to adopt and institute sound programs for the health, care, education and discipline of the children at Girard College.

(5) This court issue a mandatory injunction against the defendant Board of City Trusts directing said defendants to hire as president of Girard College a competent and qualified educator and administrator.

(6) The defendant Board of City Trusts be enjoined from further breaching their duties as guardians of the children enrolled at Girard College.

(7) This court issue a mandatory injunction against the defendant Board of City Trusts requiring the prohibition of corporal discipline, suspension and expulsion at Giarard College pending formulation of written standards of conduct including provisions for notice of charges and hearing thereupon.

(8) This court issue a mandatory injunction against the defendant Board of City Trusts directing said defendants to hire adequate and competent teachers at reasonable wages in order to provide students at Girard College with a "better education" than could be provided at public institutions as required by the Will of Stephen Girard.

(9) The court grant such other equitable relief as the court deems appropriate under the circumstances.

Plaintiffs concede, as they must, that federal courts lack subject matter

jurisdiction to administer trusts. The principle is well established and is based on the notion that the equity power conferred by the Judiciary Act of 1789 and its successors included only that power held by the English Chancery Court in 1789 and this jurisdiction did not extend to probate or estate matters. Markham v. Allen, 326 U.S. 490, 66 S.Ct. 296, 90 L.Ed. 256 (1946); Broderick's Will, 88 U.S. (21 Wall.) 503, 22 L.Ed. 599 (1874); Martz v. Braun, 266 F.Supp. 134, 135 (E.D.Pa.1967). Federal courts do, however, have jurisdiction

"to entertain suits 'in favor of creditors, legatees and heirs' and other claimants against a decedent's estate 'to establish their claims' so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." Markham v. Allen, *supra*, 326 U.S. at 494, 66 S.Ct. at 298.

■ It is argued by plaintiffs that specific performance of the contract sought to be enforced in Count I does not ask us to undertake administration of the estate of Stephen Girard, a task which under state law is within the exclusive jurisdiction of the Orphan Court Division of the Court of Common Pleas of Philadelphia. See Wilson v. Board of Directors of City Trusts, 324 Pa. 545, 188 A. 588 (1936). We cannot agree. The contract involved in this case, assuming the agreement in question is enforceable under Pennsylvania law, imposes on the Trustee of the Estate of Stephen Girard duties which are identical to the duties imposed on the Trustee by the Will of Stephen Girard. Plaintiffs' contention is that all the provisions of Stephen Girard's Will have been incorporated into the agreement between plaintiffs and the defendant Board. To grant the relief requested by the plaintiffs would necessarily involve this court in assuming the same obligations given to the Orphans Court in administering

trusts. In seeking the appointment of a receiver "to administer Girard College," an injunction preventing the President of Girard College from "administering and operating as president of Girard College," and injunctions to require the trustees to take action allegedly required under the Will of Stephen Girard, we are being asked to go far beyond simply establishing a claim against the trust.

The Supreme Court cases which have delineated federal court jurisdiction to determine questions involving trusts have been carefully analyzed by Judge Davis of this Court in Martz v. Braun, *supra*. Like Sutton v. English, 246 U.S. 199, 38 S.Ct. 254, 62 L.Ed. 664 (1918) the case before us requires construction of a will, albeit incorporated in a contract; like Princess Lida v. Thompson, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285 (1939) we are being asked in effect to remove the trustee appointed by the testator to administer the trust. That plaintiffs' claim can be characterized as an in personam action against the trustees based on a contract between the parties does not determine the issue of this court's jurisdiction. The cases are clear that federal courts lack jurisdiction to adjudicate such claims when to do so would require that we assume active administration of the trust. Princess Lida v. Thompson, *supra*.

■ Even were we to agree with plaintiffs that there is jurisdiction in this court to determine the questions raised by plaintiffs' complaint, we would abstain from exercising that jurisdiction. Although abstention is applicable to narrowly limited special circumstances, Lake Carriers' Assn. v. MacMullan, 406 U.S. 498, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972), we consider those circumstances to exist in this case. The contract upon which plaintiffs base their first count is unique in many respects and has not, to our knowledge, been passed on by any state court. To what extent trustees can be held liable to third persons on a contract to perform

duties otherwise owed in their capacity as trustee is a matter that should in the first instance be determined by state courts. The effect of the contract involved here is to create in persons not intended to be benefited by the testator a cause of action similar to that enjoyed by the beneficiaries of the trust. Are the trustees to be held to the same high degree of fiduciary responsibilities on the contract that is owed by the trustees to the beneficiaries of the trust? Matters of this importance to state trust administration should be left to the state in the first instance when there is no state court decision or legislation to guide us in resolving the questions raised by the contract before us. See Louisiana Power & Light Co. v. Thibodaux, 360 U.S. 25, 79 S.Ct. 1070, 3 L. Ed.2d 1058 (1959); Urbano v. Board of Managers of the New Jersey State Prison, 415 F.2d 247 (3 Cir. 1969), cert. denied 397 U.S. 948, 90 S.Ct. 967, 25 L. Ed.2d 128 (1970).

In view of our disposition of Count I of plaintiffs' complaint we do not reach the other matters raised by the defendants in the motions to dismiss.[4]

## II

Count II of the complaint alleges that the defendant Board is an instrumentality of the State which has taken actions under color of state law in violation of the rights of plaintiffs' children to due process of law and equal protection of the laws secured to them by the Fourteenth Amendment. Specifically, it is alleged that the defendants' conduct has resulted in threats and ultimately in the closing of Girard College and the eviction of children presently enrolled in and residing at the College from living quarters which the children are lawfully inhabiting. Defendants' action is alleged to have resulted in a wilful abandonment of legal guardianship without approval by a court of competent jurisdiction. Defendants are also alleged to have inflicted corporal punishment on the plaintiffs' children in an arbitrary manner and without meaningful standards of conduct or a fair method of determining violations. The aforementioned conduct by the defendants taken without notice or hearing is alleged to be in violation of the Due Process Clause. Finally, it is alleged that defendants have violated the right of plaintiffs' children to equal protection of the law in that plaintiffs' children do not enjoy equal educational opportunities.

The relief requested in Count II is identical to that requested in Count I with the added request that this court appoint a Special Master to investigate and report to the court concerning violations of the civil rights of students enrolled at Girard College.

4. We note also that there is a serious question whether the complete diversity of citizenship required by Strawbridge v. Curtis, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806), is present in this case insofar as relief is sought by the plaintiffs' children under the contract which is the basis for Count I. Presumably, recovery by the children would be on the grounds that they are third party beneficiaries of the contract between the parents and the Board. We have recently held that the citizenship of a minor is determinative for purposes of diversity of citizenship when the minor is represented by a next friend, the capacity in which the plaintiffs bring suit on behalf of their children. Fahrner v. Gentzsch, 355 F.Supp. 349 (E.

D.Pa. 1972). Citizenship is generally regarded as synonymous with domicile in determining jurisdiction by diversity of citizenship. The domicile of a minor whose father is deceased is generally considered to be the domicile of the mother. 1 Moore, Federal Practice, ¶0.74 [6.–2] p. 708.55 (2d Ed. 1972). What effect relinquishment of the custody of a minor to a guardian of the person and estate of a minor, the position occupied by the defendant Board, see § 5116 Probate, Estates and Fiduciaries Code, 20 P.S. § 5116, has on these general propositions of law concerning diversity jurisdiction is not a matter we have to consider in view of the disposition taken by us on the defendants' motion to dismiss.

Without intimating any view on whether there exists sufficient state action in regard to the constitutional violations alleged by the plaintiffs, we dismiss the plaintiffs' complaint insofar as it alleges a cause of action for violation of the equal protection clause. Insofar as the complaint alleges violations of the Due Process Clause for (1) the wilful abandonment of custody, (2) evictions of plaintiffs' children, and (3) infliction of corporal punishment without notice of meaningful standards of conduct, we will allow the plaintiffs to amend the complaint to state specifically the facts underlying these claims.

Plaintiffs do not allege that the difference in educational opportunities offered to Girard College students as compared to that offered to students financed by the public school system is based on a suspect classification such as race or national origin. And the Supreme Court has held that education is not a fundamental right protected by the United States Constitution. San Antonio Independent School District v. Rodriguez, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973). Thus, any differences between the education offered Girard College students and other students who attend schools which are financed by the state is sustainable if there is a rational basis for the disparities. As plaintiffs have stated in Count I of the complaint, Girard College is financed from the funds bequeathed by Stephen Girard in his Will to the City of Philadelphia as Trustee of the College. The City must of necessity treat the College differently from state financed schools because of the limited funds provided for its maintenance. A rational basis therefor exists in providing the educational opportunities necessary for Girard College students as compared to students attending publicly financed schools.

The due process claims presented by plaintiffs regarding (1) the abandonment of custody, (2) eviction of plaintiffs' children, and (3) infliction of corporal punishment without standards

are stated in a general and conclusory manner. No facts have been alleged in support of these conclusory statements. We will therefore allow the plaintiffs thirty (30) days in which to amend the complaint in order to set forth the facts upon which their due process claims are based.