Jack L. **BROZMAN**, Plaintiff,

v.

**COR, INC., et al., Defendants.**

Civ. A. No. 91–2237–EEO.

United States District Court,
D. Kansas.

Aug. 2, 1993.

John M. Edgar, Nicholas L. DiVita, Bryan, Cave, McPheeters & McRoberts, Kansas City, MO, James L. Eisenbrandt, Bryan, Cave, McPheeters & McRoberts, Leawood, KS, for Jack L. Brozman.

David A. Welte, Mary Jo Shaney, Polsinelli, White, Vardeman & Shalton, Kansas City,

MO, Joseph R. Colantuono, Polsinelli, White, Vardeman & Shalton, Overland Park, KS, for Cor, Inc., Cencor, Inc. of Kansas City.

Gregory M. Dennis, Thomas A. Hamill, Perry & Hamill, Overland Park, KS, David A. Welte, Mary Jo Shaney, Polsinelli, White, Vardeman & Shalton, Kansas City, MO, Joseph R. Colantuono, Polsinelli, White, Vardeman & Shalton, Overland Park, KS, David M. Doret, Wolf, Block, Schorr & Solis–Cohen, Philadelphia, PA, for Cencor, Inc.

Dennis L. Davis, Kristine K. Kraft, Tamra Wilson Setser, Hillix, Brewer, Hoffhaus, Whittaker & Wright, Kansas City, MO, for Southgate Bank, College Blvd. Nat. Bank.

Randolph G. Willis, Watson, Ess, Marshall & Enggas, Olathe, KS, for Midland Bank.

Jeffery A. Jordan, Benjamin C. Langel, Phillip A. Glenn, Foulston & Siefkin, Wichita, KS, for Bank IV Wichita.

Scott T. Forland, Leonard J. Johnson, W. Anthony Feiock, Morrison & Hecker, Kansas City, MO, for First Business Bank of Kansas City, N.A.

Gregory L. Musil, William V. North, James P. O'Hara, Shughart, Thomson & Kilroy, Overland Park, KS, for Mission Bank, Merchants Bank, Security Bank of Kansas City, First Bank of Gladstone.

Rodney J. Hoffman, Slagle, Bernard & Gorman, P.C., Kansas City, MO, for Missouri Bank & Trust Co. of Kansas City, First Nat. Bank and Trust Co. in Great Bend, KS.

Timothy K. McNamara, Harlan D. Burkhead, Lathrop & Norquist, Kansas City, MO, for Mark Twain Kansas City Bank.

John L. Peterson, Williamson & Cubbison, Kansas City, KS, for Union Nat. Bank of Elgin.

Thomas J. Noack, Commerce Bancshares, Inc., Price A. Sloan, Benjamin F. Mann, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, MO, for Commerce Bank of Kansas City.

Edward M. Dolson, Jennifer A. Putman, Truman K. Eldridge, Jr., Jay T. Shadwick, Armstrong, Teasdale, Schlafly, Davis & Dicus, Kansas City, MO, for Mercantile Bank of Kansas City.

Douglas M. Neeb, Irvin V. Belzer, Smith, Gill, Fisher & Butts, Kansas City, MO, Mark S. Carder, Smith, Gill, Fisher & Butts, Lighton Plaza I, Overland Park, KS, for First Continental Bank & Trust.

Dennis E. Dibler, Kansas City, MO, for Bannister Bank & Trust.

Timothy J. Evans, Luis Mata, Evans & Mullinix, Kansas City, KS, Charles J. Schmelzer, III, Scuyler M.P. Kurlbaum, Blackwood, Langworthy, Schmelzer & Kurlbaum, P.C., Kansas City, MO, for Blue Ridge Bank & Trust Co.

Craig T. Kenworthy, Robert W. McKinley, John S. Black, Swanson, Midgley, Gangwere, Clarke & Kitchin, Kansas City, MO, for Sterling Nat. Bank, Norwest Bank, N.A.

Sandra L. Schermerhorn, Spencer, Fane, Britt & Browne, Kansas City, MO, Nancy M. Landis, Spencer, Fane, Britt & Browne, Overland Park, KS, for Central Nat. Bank & Trust.

Laurence M. Jarvis, Laurence M. Jarvis, Chartered, Kansas City, KS, for Loretta J. Brozman.

T. Bradley Manson, Payne & Jones, Chtd., Overland Park, KS, Alvin D. Shapiro, Law Offices of Alvin D. Shapiro, Kansas City, MO, for B.A. Karbank.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, District Judge.

This matter is before the court on plaintiff's motion to dismiss the counterclaim filed by defendant First Business Bank of Kansas City, N.A. ("First Business") (Doc. # 117).

### Factual Background

Robert Brozman died June 10, 1991. Plaintiff, Jack Brozman, successor trustee of Robert Brozman's *inter vivos* declaration of trust dated December 28, 1989, and executor of the estate of Robert Brozman under Robert Brozman's last will and testament dated December 28, 1989, filed an interpleader action pursuant to 28 U.S.C. § 1335. Upon filing this lawsuit, Jack Brozman deposited

all trust assets in his possession and custody with the clerk of this court. He also filed a declaration that he would place at this court's disposal any assets of the trust to which he may come into possession. No estate assets were tendered to this court because the estate must be and is being probated in the probate division of the District Court of Johnson County, Kansas.

On January 3, 1992, this court stayed all proceedings against the trust until January 1, 1993. Prior to the entry of the stay order, First Business filed its answer and counterclaim against plaintiff on August 28, 1991. The counterclaim seeks to collect principal and interest on a $900,000 promissory note executed by Robert Brozman individually. Additionally, the counterclaimant seeks attorney's fees and costs.

### · Analysis

Plaintiff's motion is unclear. Plaintiff's motion requests this court to dismiss defendant's counterclaim "pursuant to Federal Rule of [Civil] Procedure 12(b)(6) and for the reasons set forth in the accompanying memorandum of law ..." Plaintiff's memorandum in support refers only to grounds for dismissal based upon lack of subject matter jurisdiction [12(b)(1)], and as barred by this court's order dated August 20, 1991.

Plaintiff's motion shall be treated as a 12(b)(1) motion, since nowhere in plaintiff's memorandum nor in his motion does plaintiff assert that First Business has failed to "state a claim upon which relief can be granted."

Plaintiff, without citation to authority, seems to suggest that because First Business is making a claim against the estate, that claim should be brought in the state court action, and that, presumably, this court is without subject matter jurisdiction as to claims against the estate.

It is true that a federal court has no jurisdiction to probate a will or administer an estate, the reason being that the equity jurisdiction conferred by the Judiciary Act of 1789 and § 24(1) of the Judicial Code, which is that of the English Court of Chancery in 1789, did not extend to probate matters. *Kerrich v. Bransby,* ·7 Brown P.C. 437; *Barnesley v. Powel,* 1 Ves.Sen.

284; *Allen v. Macpherson,* 1 Phillips 133, 1 House of Lords Cases 191; *Broderick's Will, supra; Farrell v. O'Brien,* 199 U.S. 89 [25 S.Ct. 727, 50 L.Ed. 101]; *Sutton v. English,* 246 U.S. 199, 205 [38 S.Ct. 254, 256, 62 L.Ed. 664]. But it has been established by a long series of decisions of this Court that federal courts of equity have jurisdiction to entertain suits "in favor of creditors, legatees and heirs" and other claimants against a decedent's estate "to establish their claims" so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court. *Waterman v. Canal–Louisiana Bank Co.,* 215 U.S. 33, 43 [30 S.Ct. 10, 12, 54 L.Ed. 80], and cases cited. See *Sutton v. English, supra,* 205 [38 S.Ct. at 256]; *United States v. Bank of New York Co.,* 296 U.S. 463, 477 [56 S.Ct. 343, 347, 80 L.Ed. 331]; *Commonwealth Trust Co. v. Bradford,* 297 U.S. 613, 619 [56 S.Ct. 600, 602]; *United States v. Klein,* 303 U.S. 276 [58 S.Ct. 536, 82 L.Ed. 840]; *Princess Lida v. Thompson,* 305 U.S. 456, 466 [59 S.Ct. 275, 280–81, 83 L.Ed. 285].

*Markham v. Allen,* 326 U.S. 490, 494, 66 S.Ct. 296, 298, 90 L.Ed. 256 (1946).

In *McKibben v. Chubb,* 840 F.2d 1525 (10th Cir.1988), the Tenth Circuit held:

Federal courts have only limited power in probate matters and may not probate or administer a will. However, they may "entertain actions against administrators, executors, or other claimants in which plaintiffs seek to establish claims against an estate." 13B C. Wright, A. Miller & E. Copper, *Federal Practice and Procedure,* § 3610, at 484 (1984); see *Markham v. Allen,* 326 U.S. 490, 494, 66 S.Ct. 296, 298, 90 L.Ed. 256 (1946).

*McKibben v. Chubb,* 840 F.2d 1525, 1529 (10th Cir.1988); *see also Maxwell v. Southwest National Bank, Wichita, Kansas,* 593 F.Supp. 250, 252 (D.Kan.1984).

■ Here, this court is not attempting to probate or administer the estate of Robert Brozman. We are only entertaining a counterclaim on behalf of a creditor. Conse-

quently, the court does have subject matter jurisdiction.

Additionally, plaintiff's suggestion that First Business' counterclaim is barred by this court's order of August 20, 1991, is without merit. The August 20, 1991, order specifically enjoins parties from asserting claims against the Trust "other than the assertion of claims against the Plaintiff as trustee or Trust assets within the confines of this civil action only." The counterclaim First Business asserts against plaintiff is against plaintiff in his capacity as trustee. Plaintiff's reliance upon that order is misplaced.

Finally, even if this court were to consider plaintiff's 12(b)(6) motion, the same would be denied. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

IT IS THEREFORE ORDERED that plaintiff's motion to dismiss (Doc. # 117) is denied.