**Yvonne M. ERNZEN, as Special Administrator for the Daniel Ernzen Estate, and Shirley Ann Ernzen, Plaintiffs,**

**v.**

**Ronald F. ERNZEN and Alan Schuler, as Executors of the Frances Ernzen Estate, Defendants.**

**Civ. A. No. 94–2265–EEO.**

United States District Court, D. Kansas.

Feb. 28, 1995.

Timothy J. Arehart, Olathe, KS, for Yvonne M. Ernzen.

Timothy J. Arehart, Olathe, KS, for Shirley Ann Ernzen.

Charles M. Tuley, Atchison, KS, for Ronald F. Ernzen, Alan Schuler.

### MEMORANDUM AND ORDER

EARL E. O'CONNOR, District Judge.

This matter is before the court on Defendants' Motion to Dismiss Plaintiffs' Claim for Lack of Subject Matter Jurisdiction (Doc. # 10).

## I. *Background.*

In 1982, Dan Ernzen and his wife Shirley Ernzen purchased farm land from the Frances Ernzen Estate. Their purchase complied with 26 U.S.C. § 2032A (1994), thereby qualifying the estate for "special use" valuation and saving the estate approximately $125,-000.00 in federal and state taxes. This savings was subject to a recapture tax if the buyers failed to comply with the provisions of section 2032A. Though the estate's tax savings became fully vested in July 1992, the parties are in disagreement as to who would have been liable for the recapture tax had the Ernzens failed to comply with section 2032A.

In 1994, the executors of the estate filed a Petition for Final Settlement in *In re Estate of Frances E. Ernzen, Deceased,* in the probate division of the District Court of Atchison County, Kansas, seeking to close the estate and distribute the monies according to the will. A residuary clause in Frances Ernzen's will provides that the money be disbursed equally among her eight named children, including both the plaintiff Daniel Ernzen, who is since deceased, and the defendant Ronald F. Ernzen, who is an executor of the estate.

The probate court stayed the petition for final settlement to allow Dan and Shirley Ernzen to challenge the pro rata distribution in federal court. They then filed suit in this court seeking declaratory relief that they are entitled to the tax savings resulting from their compliance with section 2032A. Defendants filed a motion to dismiss for lack of subject matter jurisdiction.

## II. *Discussion.*

█ Federal courts are courts of limited jurisdiction and, therefore, have power to adjudicate controversies only when a federal statute provides a basis for jurisdiction. Plaintiffs assert that this court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, which confers jurisdiction upon federal district courts for cases "arising under the Constitution, laws or treaties of the United States." A case "arises under" federal law only when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 27–28, 103 S.Ct. 2841, 2856, 77 L.Ed.2d 420 (1983).

*Franchise Tax Bd.* outlines the two separate tests for federal jurisdiction. The federal court may adjudicate a case or controversy only when one of these tests has been satisfied. The first test, the federally-created cause of action test, requires the well-pleaded complaint to establish both a federally-created right and a federally-created remedy. *American Well Works Co. v. Layne & Bowler Co.,* 241 U.S. 257, 260, 36 S.Ct. 585, 586, 60 L.Ed. 987 (1916). Though plaintiffs' allegations are far from clear, they definitely do not state a federally-created cause of action. The second test, the *Smith* test, *infra,* requires the well-pleaded complaint to establish a "substantial question of federal law" within a state-law created cause of action. *Franchise Tax Bd.,* 463 U.S. at 28, 103 S.Ct. at 2856. It is this second test upon which defendants rely in support of the instant motion.

*Smith v. Kansas City Title & Trust Co.,* 255 U.S. 180, 199, 41 S.Ct. 243, 243, 65 L.Ed. 577 (1921), the seminal case in determining federal question jurisdiction, held that federal question jurisdiction is proper where a federal question is a "substantial ingredient" of a state-law created cause of action. "Substantial ingredient" has been defined as an "essential [element] of the Plaintiff's cause of action." *Gully v. First Nat'l Bank,* 299 U.S. 109, 112–13, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936). Federal question jurisdiction is comprised of two interrelated components: (1) a dispute regarding the application or construction of a federal law and (2) an underlying state-law created cause of action of which the dispute is an essential element.

Defendants contend that the plaintiffs' complaint does not establish the first component of federal question jurisdiction because there is no dispute regarding the application or construction of section 2032A. Plaintiffs argue that the construction and application of the statute are in dispute for the following

reasons: First, that section 2032A governed their purchase of the land; second, that they complied with the statute to their detriment while other beneficiaries of the estate suffered no detriment; third, that they would have been personally liable for any assessed recapture tax; and lastly, that section 2032A's legislative history provides support for their theory that those who comply with the statute, resulting in tax savings to an estate, should be compensated.

■ Section 2032A provides a method of valuing farm property for estate tax purposes; it is not a jurisdictional statute. Because the tax savings were fully vested in Frances Ernzen's estate in 1992, there is no genuine issue or controversy regarding either the purchase of the land or the Ernzens' compliance with the statute. Actually, the recapture tax issue is moot because no recapture tax was assessed. Section 2032A is implicated only to the extent its legislative history provides guidance relevant to distribution under estate and probate law. The application and interpretation of the statute are not in dispute, and the tangential involvement of the statute is simply insufficient to confer federal question jurisdiction.

The second component for federal question jurisdiction requires that the federal issue in dispute be an essential element of an underlying state-law created cause of action. The plaintiffs rely on *Smith*, but their attempt to analogize the instant case to *Smith* is not persuasive. In *Smith*, the plaintiff presented a state-law cause of action which relied upon a federal statute as an integral component of the plaintiff's complaint. The plaintiffs in this case do not present a state-law created cause of action, rather, they simply request declaratory relief.

■ The Declaratory Judgment Act, 28 U.S.C. § 2201, which allows plaintiffs to request declaratory relief in federal court, is procedural in nature and is intended to extend the relief available to plaintiffs in federal court, without extending the federal courts' jurisdiction. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S.Ct. 876, 879, 94 L.Ed. 1194 (1950). In the case at bar, the underlying cause of action is the pending distribution action in the state probate court. The plaintiffs in this case (defendants in the state probate action) can present their argument with respect to the first settlement to the state court, and have that court determine the impact of section 2032A. A federal court does not have jurisdiction to entertain an action which is merely a state court defendant's artfully pled anticipatory defense brought in a federal declaratory judgment action. If it were otherwise,

It would turn into the federal courts a vast current of litigation indubitably arising under State law, in the sense that the right to be vindicated was State-created, if a suit for a declaration of rights could be brought into the federal courts merely because an anticipated defense derived from federal law.

*Id.* at 673, 70 S.Ct. at 880.

■ In the instant case, the federal court could not have properly exercised jurisdiction over the state probate action. "The federal court cannot order actual distribution of property in the custody of the state court nor give execution on its judgment." Charles A. Wright, *The Law of Federal Courts* § 25, at 160 (5th ed. 1994). This court does not have jurisdiction to determine the merits of the state court defense. The state court is particularly well-suited to determine the effect of section 2032A's legislative history on estate and probate law, given the state court's "especially strong interest and well-developed competence" in the area of probate law. *Id.* at 159. This is consistent with well-settled law that state courts have jurisdiction to adjudicate federal issues. *See, e.g., Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 815–18, 106 S.Ct. 3229, 3236–37, 92 L.Ed.2d 650 (1986).

The plaintiffs, however, are not forever precluded from having a federal issue reviewed in a federal forum. As the Supreme Court in *Merrell Dow* stated: "[E]ven if there is no original district court jurisdiction for [actions which, though involving federal statutes, do not arise under federal law], this Court retains power to review the decision of a federal issue in a state cause of action." *Id.* at 816, 106 S.Ct. at 3236.

Plaintiffs further rely on *Brozman v. Cor, Inc.*, 830 F.Supp. 544 (D.Kan.1993), to support the proposition that the federal court may entertain suits in favor of heirs against executors of an estate. This case is distinguishable from *Brozman* because there, the court properly exercised federal jurisdiction as conferred by the interpleader statute, 28 U.S.C. § 1335, which requires diversity of citizenship between adverse claimants. State law governed the substantive issues in that case.

For the aforementioned reasons, this case simply does not "arise under the Constitutions, laws or treaties of the United States." *See* 28 U.S.C. § 1331. The court, therefore, concludes that it does not have subject matter jurisdiction.

IT IS THEREFORE ORDERED that defendants' motion to dismiss for lack of subject matter jurisdiction (Doc. # 10) is granted.