**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**

**Filed 1/9/97**

---

YVONNE M. ERNZEN, as special
administrator for the Daniel Ernzen
Estate, and SHIRLEY ANN ERNZEN,

     Plaintiffs - Appellants,

v.

RONALD F. ERNZEN and ALAN
SCHULER, as executors of the
Frances Ernzen Estate,

     Defendants - Appellees.

No. 95-3145
(D.C. No. 94-2265-EEO)
(District of Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **PORFILIO** and **LUCERO**, Circuit Judges.

---

Frances Ernzen died in 1982. Shortly thereafter, Dan Ernzen and his wife
Shirley Ernzen purchased farm land from the Francis Ernzen estate. Their
purchase enabled the estate to claim a "special use" valuation under 26 U.S.C. §
2032A, thereby saving the estate approximately $125,000.00 in taxes. However,
these tax savings remained subject to recapture should the Ernzens fail to comply

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

with the provisions of § 2032A for a period of ten years. With this possibility in mind, the executors opted to keep the estate open with enough money to pay the recapture tax should it become due.

Things went well down on the farm during the intervening years, at least from a § 2032A standpoint. The Ernzens' uninterrupted compliance with the statute enabled the tax savings to become fully vested in 1992, at which time the Internal Revenue Service filed a Certificate of Release of Federal Estate Tax Lien. Thereafter, the executors filed a Petition for Final Settlement in the probate division of the District Court of Atchison County, Kansas.

Dan and Shirley Ernzen challenged the pro rata distribution called for by Frances Ernzen's will, arguing that their compliance with § 2032A entitled them to a larger share of the estate. The state probate court charged with deciding the matter voluntarily stayed its proceedings to permit the Ernzens to seek declaratory relief in federal court. When the Ernzens sought such relief, appellees countered with a motion to dismiss for lack of federal subject-matter jurisdiction. The district court granted appellees' motion, and this appeal ensued.

Unlike state courts, federal courts are courts of limited jurisdiction, and may only exercise jurisdiction when specifically authorized to do so.[1] A party

---

[1]State courts, by contrast, "have concurrent jurisdiction with federal courts over all matters within federal jurisdiction unless there is a specific federal statute creating exclusive federal jurisdiction." Erwin Chemerinsky, Federal Jurisdiction § 5.1, at 250 (2d

seeking to invoke a federal court's jurisdiction bears the burden of establishing that such jurisdiction exists. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936). We review jurisdictional questions de novo, see United States ex. rel. General Rock & Sand Corp. v. Chuska Dev. Corp., 55 F.3d 1491, 1492 (10th Cir. 1995), mindful that our determinations "require sensitive judgements about congressional intent, judicial power, and the federal system." Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 810 (1986).

Appellants have chosen to place all their eggs in one jurisdictional basket. They invoke 28 U.S.C. § 1331, more commonly referred to as "federal question" jurisdiction, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." However, "[t]here is no 'single, precise definition' of that concept; rather, the phrase 'arising under' [federal law] masks a welter of issues regarding the interrelation of federal and state authority and the proper management of the federal judicial system." Merrell Dow, 478 U.S. at 808 (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8 (1983)). The Supreme Court has stated that a case "arises under" federal law for § 1331 purposes only when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief

_____

ed. 1994).

-3-

depends on resolution of a substantial question of federal law." <u>Franchise Tax Bd.</u>, 463 U.S. at 27-28. It is this test we now apply.

At the outset we note that the procedural posture of this case is not jurisdictionally determinative. This matter was brought before the district court as a declaratory judgment action pursuant to 28 U.S.C. § 2201. However, it is well settled that the Declaratory Judgment Act is procedural in nature and does not confer subject-matter jurisdiction upon federal courts. <u>See</u> <u>Cardtoons v. Major League Baseball Ass'n</u>, 95 F.3d 959, 964 (10th Cir. 1996). Accordingly, the district court's power to grant declaratory relief must lie in some independent basis of federal subject-matter jurisdiction. <u>Id.</u>

Plaintiffs' complaint states that "this action arises under Section 2032A of the Internal Revenue Code; 26 I.R.C. §§ 2032A (1982) and C.F.R. §§ 20.2032A-1 et seq." Appellant's App. at 12. The district court disagreed. "Though plaintiffs' allegations are far from clear, they definitely do not state a federally-created cause of action." <u>Ernzen v. Ernzen</u>, 878 F. Supp. 190, 191 (1995). We see no reason to disturb this conclusion. Appellants concede that their suit "is properly viewed as an action under both Kan.Stat.Ann. §§ 60-1002 and 60-1005, to determine an interest in property, and/or for replevin." Appellants' Reply Br. at 9. Section § 2032A "provides a method of valuing farm property for estate tax

purposes[,]" Ernzen at 192, and does not expressly evidence Congressional intent to provide a private right of action.

Nor does § 2032A impliedly create such a right of action. While several factors have been deemed relevant in determining when a private remedy may be inferred, see Cort v. Ash, 422 U.S. 66, 78 (1975), the ultimate question is whether Congress intended to create a private cause of action. Schmeling v. Nordam, 97 F.3d 1336, 1344 (10th Cir. 1996) (citing Touche Ross Co. v. Redington, 442 U.S. 560 (1979)). Neither the objective language of the statute nor its legislative history indicate an intent to fashion a remedy as between private entities. As the district court correctly noted, "[s]ection 2032A is implicated only to the extent its legislative history provides guidance relevant to distribution under estate and probate law." Ernzen 878 F. Supp. at 192.

We now turn to the alternative basis for invoking § 1331 subject-matter jurisdiction: "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." Franchise Tax Bd., 463 U.S. at 9 (citations omitted). This language, however, "must be read with caution." Merrell Dow, 478 U.S. at 809. It does not "disturb the long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Id. at 813. In particular, "a complaint alleging a violation of a federal statute as an element of a state cause of action, when

Congress has determined that there should be no private, federal cause of action for the violation does not state a claim 'arising under' the Constitution, laws, or treaties of the United States." Id. at 817. Appellants' complaint makes precisely such an allegation and, consequently, does not arise under federal law.

In support of their jurisdictional claim, appellants rely on Smith v. Kansas City Title & Trust Co., 255 U.S. 180 (1921). Smith involved a suit by a shareholder to enjoin a company from purchasing certain bonds issued by the federal government. There, the Court stated:

> The general rule is that, where it appears from the bill or statement of the plaintiff that the right to relief depends upon the construction or application of the Constitution or laws of the United States, and that such federal claim is not merely colorable, and rests upon a reasonable foundation, the District Court has jurisdiction . . . .

Although Smith remains good law, its reach has been narrowed by subsequent Supreme Court rulings, including Moore v. Chesapeake & Ohio Ry. Co., 291 U.S. 205 (1934). A key question in Moore was whether the defendant railroad had violated a federal safety statute. The plaintiff contended that the presence of this "federal question" provided jurisdiction. The Court disagreed: "[I]t does not follow that a suit brought under the state statute which defines liability . . . and brings within the purview of the statute a breach of duty imposed by the federal statute, should be regarded as a suit arising under the laws of the United States and cognizable in the federal court . . . ." Id. at 214-215.

Thus, while a question of federal law was likely to be outcome-determinative in both Smith and Moore, jurisdiction was deemed to exist in the former, but not the latter. Pointing to "the nature of the federal interest at stake," Merrell Dow attempts to reconcile this case-law:

> In Smith . . . the issue was the constitutionality of an important federal statute. In Moore, in contrast, the Court emphasized that the violation of the federal standard as an element of state tort recovery did not fundamentally change the state tort nature of the action.

Id. at 814 n.12.

The instant action is more akin to Moore than to Smith. The Ernzens' underlying claim is one arising under state law—as an action for replevin or ancillary theory of recovering personal property. Thus, § 2032A will be implicated only as a manifestation of federal tax policy within the state law cause of action.

The district court noted that the Kansas probate court "is particularly well-suited to determine the effect of section 2032A's legislative history on estate and probate law, given the state court's especially strong interest and well-developed competence in the area of probate law." Ernzen, 878 F. Supp. at 192 (internal quotation and citation omitted). We agree. The nature of the federal interest at issue here does not warrant the exercise of federal subject-matter jurisdiction under § 1331. The Ernzens are free to pursue their claims in the underlying

-7-

probate action. State courts routinely interpret and apply federal law, and we see no reason why this case will present an unmanageable anomaly.

AFFIRMED.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge